Opinion of the Court.
THIS was an action of detinue, brought by the appellee in the circuit court, to recover from the appellant a negro girl. The trial was had on the general issue, and a verdict and judgment recovered by the appellee. .
Statement of the case.
The appellant claimed the girl by purchase from Armstead Churchill, who purchased her at a sale made by the sheriff of Hardin county, under an execution which issued from the clerk’s office of the Hardin circuit court, against the estate of John M’Gee and John Percefull, upon a judgment which George and Jacob Lindenberger recovered against them in said court; and after the record of the judgment, the execution and sheriff’s return thereon, together with evidence of Churchill’s purchase at the sale of the sheriff, and his sale to the appellant, were introduced, and after evidence was also given to the jury, conducing to prove that the girl was taken in execution by the sheriff whilst she was in the possession of M’Gee, who intermarried with the daughter of the plaintiff, and that M’Gee, subsequent to his marriage, in the state of Maryland, where the appellee resides, obtained from her the possession of the girl, not as a gift, but with permission to bring her to this country ; and the appellee, at the same time, declaring to the wife of M’Gee, when applied to for a bill of sale for the girl, that she would neither give the negro nor a bill of sale; but that she might take with her the girl to Kentucky, and when she, the appellee, should come to Kentucky, which might be in two or three years, she might give the girl to her little grandson, the son of M’Gee. After this evidence was introduced, and it being further proved that the girl was brought to Kentucky by M’Gee and wife, and had continued in their possession from that time until she was taken by the sheriff under the execution, which was three or four years, and M’Gee during that time exercised acts of ownership over her, the court was asked, by the counsel of the appellant, to instruct the jury, that although they might be of opinion the girl was loaned by the appellee to M’Gee and wife; yet, if they believed the possession was delivered to them by the appellee in the state of Maryland, without any fixed time when the loan should terminate, and that, under the loan, the appellee permitted M’Gee to bring the girl to Kentucky, and to remain in his possession for three or four years, without having the loan recorded, or making it known where M’Gee lived, and that during that time M’Gee paid no hire for the girl, and exercised acts of ownership over her ; that all these circumstances were a fraud upon *228 innocent purchasers and creditors without notice, and as to such persons, the loan should be construed to be an absolute gift.
The court were further asked to instruct the jury, that if they should believe all the evidence, they were at liberty to infer, in favor of an innocent purchaser without notice, that the negro girl was given to M’Gee, and was transferable by him to an innocent purchaser without notice of the appellee’s claim.
The court refused to give the instructions, as asked ; but instructed the jury, that if they believed, from all the evidence and circumstances in the cause that the girl was in reality given, and what had passed in relation to the loan, was a mere device or contrivance to prevent the girl from being taken to satisfy McGee’s debts, the appellee could not recover.
1. After the instructions which were given by the court, no legal cause of complaint is perceived to exist against the decision of the court on the part of the appellant. Those instructions evidently imply a decision that the jury were at liberty, from all the evidence, to determine whether or not the girl was in truth given by the appellee to M’Gee and his wife, or that the loan was a colourable device to protect the girl from the creditors of M’Gee; and that those matters were proper for the determination of the jury, is a proposition so obvious, it is presumed none can for a moment hesitate to admit its correctness. Indeed one part of the instructions which was asked by the appellant, is predicated upon the right of the jury to deter mine whether or not the girl was given by the appellee to M’Gee; and the failure of the court to give the instructions, is complained of in the assignment of errors. But, notwithstanding when asked to do so, the court failed to instruct the jury, that they were at liberty to infer a gift by the appellee to M’Gee, it should be recollected, those instructions were applied for in connexion with other instructions, which it would have been improper to have given ; and after declining to give all the instructions, as asked, the court gave every instruction which was asked, and which ought to have been given.
The instructions which the court were asked to give, and which we suppose would have been irregular to have given, are those wherein the court were asked to *229 instruct the jury, that all the circumstances detailed in evidence were a fraud upon innocent purchasers without notice; and, as to such persons, the loan should be construed to be an absolute gift to M’Gee.
The jury have a right to infer from the evidence and circumstances, that a slave held as on loan, was actually given or sold to the person in possession, and that the transaction was made to assume the aspect of a loan, to protect the slave from the creditors of the donee.
A possession of less than five years, does not constitute a loan fraudulent, per se.
2. For whether or not the girl was loaned or given by the appellee to M’Gee, was most clearly a question of fact, for the decision of the jury, and should be decided by the jury, untrammelled by any instructions of the court, on the constructive import of the evidence. And whether or not the loan was a fraud on M’Gee’s creditors, depends upon the intention with which it was made by the appellee. If M’Gee had remained possessed of the girl, under the loan, for five years, it is conceded, as the loan was not in writing or recorded, that it would, by the statute of this country, as matter of law, be fraudulent and void as to M’Gee’s creditors, and purchasers from him. But M’Gee was not possessed for five years; and it is only where the loanee remains possessed for five years, that the loan is declared fraudulent by the statute. The loan of the appellee does not come, therefore, within the influence of the statute; and, to be fraudulent at common law, the loan must have been made with an intention to deceive, injure or delay others ; and whether there was such an intention in this case, was a question proper for the decision of the jury, and which was properly left with them by the court.
*The judgment must, therefore, be affirmed with costs.