THE PEOPLE, *ex rel.* KLINE, *against* RICKERT.

FORCIBLE entry and detainer, tried at the Schoharie circuit, October 23d, 1826, before DUER, C. Judge.

The defendant was indicted upon the statute (1 R. L. 96,) before a justice of the peace, and the indictment was removed into this court by certiorari.   On the trial, it appeared that one Snyder, being the owner of a farm, in 1822, let, by parol, to the relator, six acres of it, for four years, for which the relator was to enclose the demised premises in fence, by way of rent.   The relator entered, made the fence and occupied the premises about one year, when Snyder sold and conveyed the farm, by deed, to the defendant, excepting the relator's term.   This exception, however, Snyder testified was by parol, and the defendant offered to show that fact by the production of the deed.   The offer was overruled by the judge.   The defendant, soon after his purchase, commenced ploughing on the demised premises, when the relator and Snyder went to him in the field, and informed him he had no right to plough there, as the relator's interest was excepted.   This the defendant denied.   Snyder testified that the relator for-

Though a lease by parol be for a longer term than 3 years, and so void for the term, within the statute of frauds; yet the [*227] tenant entering has an interest from year to year, regulated in every respect by the parol demise, except as to the term. Such tenant holds a term for years, which should be so called in all legal proceedings.
*E. g.* Where he seeks to enforce his right under the statute of forcible entry and detainer. (1 R.

L. 96, 98, s. 6.)   The same circumstance of violence or terror which will constitute a forcible entry, will amount to a forcible detainer.

*E. g.*   Threats of bodily hurt to the former possessor, if he shall return, though he make no attempt to re-enter.

The defendant having entered peaceably, said to the former possessor, "It will not be well for you, if you ever come upon the premises again by day or night."   It was left to the jury, whether this was threat of personal violence, and so a forcible detainer within the statute.   They found it was; and, on motion for a new trial, it was refused.

The title of the defendant is not in question on the trial of an indictment for a forcible entry or detainer.

Under an indictment for a forcible entry and detainer, the jury may find the defendant guilty of a forcible detainer only.

Where one leases to another for years, the former cannot impair the rights of the latter by conveying the demised premises in fee without excepting the term.

ALBANY,  bid the defendant occupying the premises ; and the defend-
Feb. 1828.
──────── ant told the relator it would not be well for him if he ever
The People  came on the premises again by day or night.  A witness,
v.
Rickert.   on the part of the defendant, who was present at the con-
versation between the parties, stated it somewhat different-
ly ; that the relator told the defendant he might sow, but
that he (the relator) would reap : to which the defendant
answered, that if he did, it would not be well for him.
This witness heard no threats, though present the whole
time.

The defendant objected, that the relator, having en-
tered under a parol lease which was void, had an estate
at will only ; and, therefore, was not entitled to the protec-
tion of the statute ; but the judge decided that he was a ten-
ant for years within the meaning of the act.  The defend-
ant then objected that there was no evidence of force to
bring him within the act ; the judge decided that under an
indictment for a forcible entry and detainer, the jury might
convict for a forcible detainer only ; and that was a ques-
tion of fact for them.

Verdict, guilty of a forcible detainer.

[*228]
*H. Hamilton* moved for a new trial.  He said there was
no force proved within the statute.  The words are, *" with
strong hand or with multitude of people."*  It is a penal
statute, and should be construed strictly.  It is copied from
the 5 R. 2. Stat. 1, ch. 8, under which, implied force, such
as would maintain trespass, is not enough.  There must be
actual force, as with weapons, a number of persons, &c.
(Co. Lit. 257, b. s. 481.  Hawk. P. C. b. 1, c. 64, s. 25, 28,
N. Y. Just. 107.)  It should regularly be with strong hand,
unusual weapons, or menace of life or limb.  (Bac. Abr.
Forcible Ent. & Det. (B).)  It must be accompanied with
some circumstances of violence or terror.  (2 Hawk. P. C.
b. 1, c. 64, s. 25, 28.)  The same force is requisite to con-
stitute a forcible detainer, as a forcible entry.  (2 Hawk.
P. C. b. 1, c. 64, s. 30.  Bac. Abr. Forcible Ent. & Det.
(B.) Cro. Jac. 199.)  Here is no evidence of force or vio-
lence, nor threats of violence.  The words may have insin-

uated a mere prosecution for the trespass, if the relator entered; and such indeed is their natural import.

The defendant took peaceable possession, believing he had title. Under such circumstances, to convict him under the statute, there should, at least, be something that amounts to a breach of the peace. (3 Burr. 1698, 1731; 2 Cro. Eliz. 93. Cro. Jac. 148. Yelv. 99.)

The verdict is clearly against evidence. In such case the court will grant a new trial. (1 Cain. 62.)

But the relator had not such an estate as entitled him to a remedy under the statute. The lease to him was for 4 years; and, being by parol, was void within the statute of frauds, (1 R. L. 78, s. 9.) The relator was, within that statute, a mere tenant at will. This remedy is confined by the statute of forcible entry, (1 R. L. 98, s. 1,) to persons having estates of freehold, tenants for years, or guardians. (13 John. 340.) So is the English statute, (21 Jac. 1. c. 15.) Tenants at will or sufferance are not protected.

The estate is material; and must necessarily be proved. (13 John. 340, 343, 4.)

The relator's estate was determined by the alienation of Snyder. (1 Cruis. Dig. 273, Estates at will and sufferance, c. 1, s. 18.

*The deed from Snyder to the defendant was improperly rejected. It was proper to show that the lessor had determined his will; and, beside, it contradicted Snyder, who swore to the exception. It would also have shown the intent with which the defendant entered. That is a proper subject of inquiry. (3 Burr. 1701, *Per Wilmot, J.*)

[*229]

*J. O'Brien* and *E. Holliday,* contra. There can be no doubt that, under an indictment for a forcible entry and detainer, the jury may find the defendant guilty of the latter only. (4 John. 201.)

As to the force. We are not required to make out a force which would maintain an indictment at common law, such as that the defendant entered or detained with an armed multitude, threatening to kill, maim, &c. The inquiry should be, what is the least force necessary to consti-

ALBANY
Feb. 1828.

The People
v.
Rickert.

tute the offence under the statute? Any threats of per sonal violence, actual or implied, is sufficient. (8 T. R. 357. 1 Hawk. P. C. c. 64, s. 20, 27, 30. Archb. Cr. Plead. 174. Russ. on Cr. 413 to 417. Addis. Rep. 14, 17. 10 Mass. Rep. 403.)

The relator was a tenant for years within the meaning of the law, or, which is the same thing, a tenant from year to year. Though his lease was void, under the statute of frauds, as to time, yet it was valid, and governed in every other respect. The lease, entry, and payment of rent, though not binding for the four years, endure as a demise from year to year. This has been again and again decided. (2 Cowen, 660; 8 T. R. 3; 5 T. R. 471; Rob. on Frauds, 139, 140; 2 Salk. 413, 414; 1 T. R. 378; 1 Cruis. Dig. tit. 9, c. 1, s. 24, 5; 1 T. R. 159; 3 Wils. 25; Lutw. 213; 2 Bl. Com. 143.) Any interest under a demise, beyond an estate at will, and less than freehold, is considered an estate for years. (2 Bl. Com. 140, 143.) We are thus within the 6th section of the statute of forcible entry, (1 R. L. 98.)

The deed was not material. Title was out of the question, which was confined to the possession. (11 John. 504, to 509; 8 John. 464, 468; 13 John. 343, 4.) Though *the term had expired, yet the defendant must put the re lator *in statu quo*; and resort to his legal remedy to obtain possession.

[*230]

*Hamilton*, in reply, denied that a tenancy at will, which was clearly the estate of the relator originally, had been changed into an estate from year to year, for any other purpose than that of a notice to quit. Even for this purpose, there must be an annual rent. (2 Cain. 169.) But a lease from year to year does not satisfy the statute. That extends to leases for years only, in the plural.

*Curia, per* SAVAGE, Ch. J. The questions to be decided are, 1. Whether the relator was tenant for years within the meaning of the statute? and 2. Whether the acts proved amount to a forcible detainer?

The act to prevent forcible entries and detainers, gives the remedy provided by it, as well to tenants for years, and guardians, as to such as have estates of freehold.[1]  The act for the prevention of frauds enacts, that all leases or terms for years, created by parol, shall have the force and effect of estates at will only.   This part of our statute is a transcript of the 29 Ch. 2, ch. 3, which has received a construction in the English courts, and also in our own. The case of *Doe* v. *Bell*, (5 T. R. 471,) was an action of ejectment to recover premises which had been let by parol for seven years, by the agent of the lessor.  The tenant was to enter at Lady-day, and quit at Candlemas.   The letting was in January, 1790 : and the notice to quit was for Lady day, and served in September, 1792.   It was objected that the notice should have been for Candlemas ; and also that the wards of the lessor (he being guardian,) were 14 years of age ; and the plaintiff was non-suited.   On a motion to set aside the non-suit, lord Kenyon said, " Though the agreement be void, by the statute of frauds, as to the duration of the lease, it must regulate the terms on which the tenancy subsists in other respects, as to the rent, the time of the year when the tenant is to quit, &c."  He added that, as the defendant agreed to quit at Candlemas, the lessor *could only put an end to the tenancy at Candlemas, though the agreement was void as to its duration.  A similar doctrine was held in *Clayton* v. *Blakely*, (8 T. R. 3,) which was an action for double rent, for the tenant's holding over after the expiration of his term, and a regular notice to quit. The agreement was by parol for 21 years ; and the tenant had actually held for two or three years.   It was objected that the defendant was tenant at will ; and the holding should have been so stated in the declaration ; but *Rooke*, justice, decided that it was a holding from year to year. The plaintiff had a verdict, which the defendant moved to set aside, relying on the positive words of the statute.  Ld. Kenyon said, " The direction was right ; for such a holding now operates as a tenancy from year to year.   The

[*231]

[1] See 2 New York Revised Statutes, (4th ed., Banks, Gould & Co., 1852,) page 752, *et seq.*

meaning of the statute was that such an agreement should operate as a term; but what was then considered as a tenancy at will, has since been properly construed to enure as a tenancy from year to year." The above decisions are considered a correct exposition of the statute of frauds in England, and this proposition has been drawn from them: " where an agreement for a longer term than three years, is made by parol, which is void as to the duration of the term by the statute of frauds, there is a tenancy from year to year, regulated, in every other respect, by the agreement." (1 Cruis. Dig. 284.)[1] The same doc-

[1] The New York Revised Statutes narrow the term to one year. 2 N. Y. Rev. Sts., 4th ed., (Banks, Gould & Co., 1852,) p. 316.

Under the former statute, parol leases for more than three years were declared to have the force and effect of leases or estates at will only. 1 R. L. 78, sec. 9.

This provision was deemed unnecessary, and was, therefore, omitted in the revision. The construction of the statute is not changed by the omission. The revisers on this subject remark: "The first part of the 9th section is unnecessary, since persons taking possession of lands under a parol grant, or by livery and seisin, in cases where written conveyances are required, as they acquire no title, will of course be tenants at will."

The meaning of the statute is, that a parol lease for more than one year is entirely void, that is, void for the purposes for which it was given, and, therefore, shall not operate to create a term or interest in the lessee for the time mentioned; but still the lessee, under such an agreement, would be a tenant from year to year, on his entering into possession, and, as such, accountable in an action for use and occupation for the rent agreed upon. And notwithstanding such lease is void, the tenant may hold under it, though it be for more than one year; and it is valid to regulate not only the rent, but the time when the tenant is to quit, &c. Thus, it has been held that where a tenant enters and holds under a parol demise for seven years, it enures as a tenancy from year to year. So where a tenant held for two or three years under a parol demise for twenty-one years, he was considered a tenant from year to year. Strictly speaking, the lessee in these cases is a tenant at will, but the law construes tenancies at will, for the purpose of notice to quit, to be tenancies from year to year.

Under the former statute, which legalized parol leases, "not exceeding the term of three years from the making thereof," it was held that a lease for three years by parol, to commence in future, was void; but a lease by parol for a year and a half, to commence one year from the time of contracting, was held valid, on the ground that the term did not exceed three years from the making. And where land was leased for a year, and so from year to year, as long as both parties pleased, this was adjudged to be an agree-

trine was acknowledged by this court in *Schuyler* v. *Leggett*, (2 Cowen, 663.) According to these decisions, the letting by Snyder to the relator, was void as to its duration for four years; but it was valid for one year. The tenancy became one from year to year, and the lessor might have put an end to it at the end of one year by giving the necessary notice to quit. Not having done so, he could not resume the possession of the premises until the end of the second year; and then only by giving the proper notice to quit. This being so, the relator was tenant from year to year; and " if an agreement be made for the possession of lands but for half a year, or a quarter, or any less time, the lessee is considered as *tenant for years, and is so styled in all legal proceedings." (1 Cruis. Dig. 257; Litt. s. 67.)

[*232]

According to these authorities, the relator was tenant for years, within the meaning of the statute; and has, therefore, sufficient interest.

The next question is, whether a forcible detainer was shown. On this subject the law is, that the same circumstances of violence or terror which will make an entry forcible, will make a detainer forcible also; and whoever keeps in the house an unusual number of people, or unusual weapons, or threatens to do some bodily hurt to the former possessor if he dare return, shall be adjudged guilty of a forcible detainer, though no attempt be made to re-enter. (Hawkins, P. C. ch. 64, s. 30; 3 Bac. Abr. 253.) Whether threats were used in this case, was a question for the jury. One witness heard the defendant say to the relator, it would not be well for him if he ever came upon the premises again by day or night. Another witness

---

ment for two years certain; and if the lessee held on, after the two years, he was not considered a lessee at will, but for a year certain, and such agreement by parol was held valid. But if the original contract were for a year only, or if it were at eight pounds per annum rent, without mentioning any time certain, it would be a tenancy at will, after the expiration of the year; unless there was some evidence, by a regular payment of rent annually, or half yearly, that the intent of the parties was, that he should be a tenant from year to year. The statute now in force, authorizes the making of parol leases " for a term not exceeding one year," omitting the clause, " from the making thereof."

ALBANY,
Feb. 1828.

The People
v.
Rickert.

understood the words differently, as spoken of his reaping where the defendant had sowed. The jury have found the force; and there was evidence enough to justify such finding. The verdict is, therefore, not against evidence.[1]

Another objection is, that the judge improperly excluded the defendant's deed. It has often been decided that the title is not to be investigated, on the trial of an indictment for forcible entry and detainer. But it is said the deed would have contradicted the witness, who testified that the premises were excepted. Whether the deed contained an exception or not, it could alter the rights of the parties in no respect. It was admitted that the letting was

[1] By the Revised Statutes, (vol. 2, p. 508, sec. 3,) the complaint to be made to the judge is to be accompanied with an affidavit of the forcible entry and detainer, and that the complainant has "an estate of freehold or for term of years in the premises then subsisting, or some other right to the possession thereof, stating the same;" and the judge is thereupon to issue a precept, &c. By the 11th section of this act, it is provided that on the trial of the traverse, the complainant shall only be required to show, in addition to the forcible entry or detainer complained of, "that he was peaceably in the actual possession of the premises at the time of a forcible entry, or was in the constructive possession of the premises at the time of a forcible holding out." The only defence allowed to the defendant on the traverse is the denial of the forcible entry or forcible holding out, or showing that he or his ancestors, or those whose estate he has, have been in the quiet possession of the premises three whole years together next before the inquisition found, and that his interest is not determined. S. 6 & 11 s.; The People v. Van Nostrand, 9 Wen. 52.

These new provisions very properly bring back the statute of forcible entry and detainer, among the most valuable of our remedial statutes, to the original intent and purpose for which the numerous English acts, of which our old statute was substantially a copy, were passed, to wit, to prevent individuals from doing themselves right by force, and to protect persons in the peaceable occupation of lands from a forcible dispossession without the authority of law. 4 Black. Com. 148; 1 Hawk. 274. The construction of the English statutes by their courts, and which had been followed here, had narrowed down the remedy under them to cases where the relator was seized of a freehold, or was possessed of a term for years, and the consequence was in every other instance of a forcible entry or detainer, so far as this remedy was concerned, the wrong doer, though he entered by force and without right, was preferred to the quiet occupant thus dispossessed; for if the former could show on the traverse that the latter had no estate within the purview of these acts, as thus construed by the courts, he was entitled to the verdict. Ib. N. Y. Dig., p. 1198, Nos. 2, 3.]

by parol. But the defendant, by purchasing, stood in the <span>ALBANY,<br>Feb. 1828.</span> relation of a lessor to the defendant, and had the same rights and powers which Snyder had before he sold, and no others. The deed was, therefore, properly excluded.

I do not understand that the decision of the judge is now questioned, that upon an indictment for a forcible *entry and detainer, the jury may convict of a forcible detainer only.

[*233]

I am of opinion that the motion for a new trial must be denied.

