McKEEN AND WIFE v. NELMS.

1. A landlord who becomes entitled to the possession of premises by the determination of a lease under an arrangement with his tenant, cannot maintain a proceeding for a forcible entry and detainer for an entry made while the tenant was in possession.

2. The sureties in a bond for a *certiorari* are only liable to the extent of its penalty, and if the judgment be rendered against them for a larger sum, the judgment will be amended on motion in the court below, or in an appellate court, at the costs of the plaintiff in error.

Error to the Circuit Court of Perry.

This was a proceeding for a forcible entry and detainer, instituted by the plaintiff in error, before a justice of the peace, to recover the possession of a lot, situated in the town of Marion. The cause was tried on the plea of "not guilty," and on the trial a bill of exceptions was sealed at the instance of the plaintiffs.

It was proved, that in December, 1843, Carlos Reese went into possession of the premises in question, under a contract with H. Davis, the plaintiff's agent, and gave his notes for the rent of 1844. The tenant being apprehensive that he would be disturbed, the agent executed a bond, by which he stipulated that the rent was only to be paid, and the lease continue, for such time as he should occupy the premises without disturbance. In February, 1844, the tenant determined to leave the premises, and go to the country to live; accordingly, on the 19th of that month, he began to remove his goods, and while moving some of them, some household furniture, &c. was placed in the house he was preparing to leave, which defendant said was his property. How and by whom they were taken there, the tenant does not know. When the furniture, &c. were put into the house, tenant's wife, with some other members of his family, had not removed from it. The plaintiff's agent locked up some of the doors, and the tenant others. When the house was left, the latter handed to the former all the keys, remarking that he

did so, that the lease might be put an end to, and the rent cease.

A witness introduced by the defendant testified, that he saw him nail up the door of the kitchen, that was on the premises, and that the defendant then remarked, that his object in thus closing the door was to keep the stock out. To the admission of this plaintiff objected.

Before Reece left, he agreed to rent the premises for the remainder of his term to L. C. Tutt, and was to leave the keys for him with the plaintiff's agent; but as the defendant refused to remove his goods, Tutt never took possession.

Since this proceeding was instituted, Davis gave up to Reece his notes for rent, accruing since the 19th February, 1844.

Davis, after he had locked up the doors, met the defendant going towards the house, and proposed to go back, if defendant would remove his goods, when he became angry, ill words passed between them, and defendant refused to do so. Plaintiff, by himself and tenants, have been in possession for three or more years.

Charges were prayed by plaintiff's counsel and refused, and other charges were given. The former assume that the facts proved show a disturbance of Reece—a determination of his tenancy simultaneously therewith, and a forcible entry and detainer by the defendant, for which the plaintiffs may recover; while the latter affirm the reverse to be the law. A verdict was returned for the defendant, and thereupon judgment was rendered against the plaintiffs for costs. The cause was removed to the Circuit Court by *certiorari*, where the judgment of the justice of the peace was affirmed, and rendered against the plaintiffs and their sureties in the *certiorari* bond, for costs.

H. Davis, for the plaintiffs in error, insisted, that the evidence objected to was improperly admitted, that the landlord may complain of a forcible entry and detainer upon his tenant—the possession of the latter being in legal contemplation the possession of the landlord. [2 Stew. Rep. 474; 8 Porter's Rep. 57.] Depositing one's goods in another's house, and nailing up a door, make a forcible entry and detainer. [8

Porter's Rep. *supra.*] The bond executed by the plaintiffs upon obtaining a *certiorari* is in the penal sum of one hundred dollars; the costs in the proceeding before the justice of the peace, before its removal to the Circuit Court, amounted to $144, and the judgment is rendered not only against the plaintiffs, but their sureties also for all costs.

No counsel appeared for defendant.

COLLIER, C. J.—It is not supposed that in order to constitute a *forcible entry* in the meaning of our statute, it is necessary for the party entering to employ physical force, either to expel the occupant or place himself in possession. Threats, menaces, or other circumstances calculated to excite apprehensions of danger, *or manifest a determined purpose on the part of the intruder, which can only be repelled by force,* we believe are quite sufficient. [7 Hals. Rep. 202 ; 8 Porter's R. 57 ; 3 A. K. Marsh. Rep. 297 ; 1 J J. Marsh. Rep. 44 ; 4 Bibb's Rep. 426.] The same circumstances of force or violence, that amount to a forcible entry, will also amount to a forcible detainer. [8 Cow. Rep. 226.] And it has been held, that an entry surreptitiously made, if maintained by force, will be considered a forcible entry. [Burt v. State, Const. R. S. C. 489; see 7 Hals. Rep. 202, 266.]

To entitle one to maintain a forcible entry and detainer, he must have had possession when the entry was made. [Minors Rep. 131; 1 Porter's Rep. 144; 1 A. K. Marsh. Rep. 255; 3 Id. 347; 5 Mon. Rep. 18; 1 Litt. Rep. 226.] So it has been held, that when a tenant is disseized, his landlord cannot maintain a forcible entry and detainer, but the proceeding must be in the name of the tenant. [3 A. K. Marsh. Rep. 128; 6. J. J. Marsh. Rep. 602; 2 Dana's Rep. 245; 3 Hals. Rep. 48.]

It has been said that one who was neither in possession, nor had title when the premises were entered upon, cannot maintain a forcible entry and detainer, but if entitled to a summary remedy, should proceed for a forcible detainer only. [2 Litt. Rep. 295.] *Further,* an heir may maintain forcible detainer against the tenant of his ancestor, who holds over, with-

out first reducing the premises to actual possession. [2 A. K. Marsh. Rep. 204; see 2 South. Rep. 513.

We have compared our statute with that of New Jersey, and find it to be almost a literal transcript; they both contemplate force against the possession, and whoever has the possession, unless perhaps he be a mere agent, is the person supposed to be aggrieved by the forcible entry, and must be the complainant. [Clay's Dig. 250.]

The facts shown at this trial do not warrant the inference that the tenancy of Reece had ceased at the time the defendant's goods were deposited in the house; such a conclusion is even repelled by the testimony. The tenant, it is true, had conceived the purpose to give up the premises to his landlord, and thus put an end to the lease. He had even began to remove his effects, but the house was still occupied by him—his family and part of his moveables were there; and this was quite sufficient to make him the actual occupant until he yielded up the possession by removing himself, family and his property from the premises. There is nothing in the terms of the lease, which reinvested the plaintiff with the possession, upon the determination of the tenant to abandon it, or the removal of a part of his goods in furtherance of his intention. And there is no principle of law which will authorize us, to give to a possession subsequently acquired a retrospective effect, so as to permit the occupant to maintain a complaint for a previous forcible entry. It results from this view, that the plaintiffs did not show such a state of facts as entitled them to recover in the present proceeding. [See 2, Overt. Rep. 233; 3 Dana's Rep. 586.]

The sureties in the bond for a *certiorari* are not liable for costs beyond its penalty. But the error of the judgment in this respect does not authorize its reversal. It is a mere clerical mistake, amendable on motion in the court below, and will be here amended, as directed by the act of 1824, at the costs of the plaintiffs in error, (Clay's Dig. 322, § 54,) so that they may be charged with all the costs, and the sureties only to the extent of the penalty of their bond. In all other respects, the judgment of the Circuit Court is affirmed.