ELIHU S. FOSTER *v.* DANIEL KELSEY AND OEL CLEVELAND.

*Forcible Entry and Detainer.*

Where a person enters an unoccupied house in the night without force or violence, it constitutes a mere trespass, not a forcible entry.

*Quere,* whether fastening doors and refusing admittance following upon a furtive entry, amounts to a forcible detainer.

The fact that the defendant was in possession of the plaintiff's field and forcibly prevented him from putting his cattle into the field, and thus compelled him to quit possession, would be admissible to show, and uncontradicted, would prove a forcible detainer.

When the complaint alleges forcible entry *and* forcible detainer, and the proof is only of a forcible detainer, there may be a conviction of that alone.

An unlawful but peaceable entry followed by a forcible detainer, is held to come within the meaning and cognizance of the statutes upon forcible entry and detainer; and that without a previous demand in writing.

FORCIBLE ENTRY AND DETAINER. Plea, the general issue. Trial by jury, January Term, 1860, KELLOGG, J., presiding.*

The complaint alleged both a forcible entry and a forcible detainer.

The premises in question were in the possession of the plaintiff at the time of the entry by the defendant, but the house was unoccupied. Daniel Kelsey's wife, assisted by Cleveland, as a servant or agent, took possession of the house in the night time, in January, 1858, without using any force or violence, she claiming a right, as the wife of said Kelsey, to a homestead in the house and farm; and in about two weeks her husband moved in, and has continued to occupy the house since. In the month of March following, Cleveland moved his family in, and he and Kelsey occupied the farm together that season. The next morning after Mrs. K. and Cleveland took possession, one John Sawyer, who acted as agent of the plaintiff, went to the house for the purpose of getting some tools he had left there

*This case was heard at the General Term, 1862, but not having been reported with the cases of that Term, is inserted with the Orange county cases of 1863, it having originated in that county.

the day before, and found the doors fastened, and admittance was refused by Mrs. Kelsey, until he informed her what he wanted; then he was admitted to get his tools, but was forbidden to return them to the house.

In the latter part of March, said Sawyer had occasion to water the cattle of the plaintiff in a field belonging to the premises, when Cleveland and Kelsey interfered and forcibly prevented him from doing so; and he was under the necessity of taking the cattle away and has never since had any possession of the premises.

The question of title was entered into on the trial, but it is not necessary that the facts in relation to that point should be stated.

The court charged in substance, that it was the duty of the jury to determine, upon the evidence in the case, what was the character of the first entry made by the defendants, whether it was with or without force; that a mere unlawful entry, but without force, although it might be a trespass, would not be sufficient to support this complaint; that the entry complained of should have been not merely an unlawful, but a forcible entry, or an entry which was attended with actual or real force, or some apparent violence, in word or deed; and that the premises were then detained by the defendants, without the consent and against the will of the plaintiff, and with the like force.

Verdict for the defendants,—exceptions by the plaintiff.

*C. M. Lamb* and *Hebard*, for the plaintiff, cited 4 John. 198; 8 Cowan 226; 4 Bac. Abr. 325 n.; 9 Yerg. 93 and 317, cited in Russ., on Cr., 309 n.; (2 Blackf., 133; 4 Bibb. 388; Court Rep. 489); 2 U. S. Dig. 435; *Benedict* v. *Hart*; 1 Cushing 487; *Vaughan* v. *Porter*, 16 Vt. 266; *Whitney* v. *Lynde*, ib. 579.

On the point as to what the court should have charged the jury, *Briggs* v. *Taylor*, 28 Vt. 180; *Fletcher* v. *Cole*, 26 Vt. 170; *Perlinau* v. *Phelps*, 25 Vt. 478; *Trow* v. *Vt. C. R. R. Co.*, 24 Vt. 487; *Sessions* v. *Town of Newport*, 23 Vt. 9. If either the

forcible entry or forcible detainer are made out, it is sufficient to support this complaint. 1 Russ. on Cr. 304, n. ; 8 Cowan, 226 ; 4 Bac. Abr. 325, n. and cases cited ; 2 Serg. and Rawle, 124 ; 1 Russ. on Cr. 312, n. and cases cited.

*Washburn* and *Marsh*, for the defendants.

The question is : What constitutes a forcible entry within the meaning of the statute? If the entry is unlawful and forcible, with strong hand, then this action will lie. If the entry is wrongful, unlawful, but without force, then a demand in writing must be made for possession before this action will lie.   C. S. 306, sec. 13.

The charge of the Court, that an entry made without actual or real force or violence, although a trespass, would not be a forcible entry within the statute, was correct.   *Rex* v. *Wilson*, 8 T. R. 356 ; *Commonwealth* v. *Dudley*, 10 Mass. 409 ; *Gray* v. *Finch*, 23 Conn. 515 ; *People* v. *Smith*, 24 Barb. 19 ; *Commonwealth* v. *Shattuck*, 4 Cush. 141 ; *Dustin* v. *Cowdry et al.*, 23 Vt. 631 ; *Mussey* v. *Scott*, 32 Vt. 82 ; 19 U. S. Dig. p. 328, pl. 7, 8, cites *Dickenson* v. *Maguire*, 9 Cal. 46.

ALDIS, J.   Our statutes of forcible entry and detainer embrace in substance the provisions of the old English statutes, and have the same intent,—to prevent and to punish acts which endanger the public peace.   We think they should be governed by the same rules of construction.

They are not intended to apply to mere acts of trespass which are not accompanied with violence and do not tend to a breach of the peace.   A forcible entry must be accompanied either with actual violence or with circumstances tending to excite terror and to intimidate the owner or his servants from maintaining his right.   Hence the words of the statute as to a peaceable entry,—"not with strong hand, nor with multitude of people, but in a peaceable manner."   Hence, not only acts of violence, but the having of unusual weapons, or threats, or gestures denoting an intent to do bodily hurt, or the assembly of an

14

unusual number of persons are held to be *indicia* of forcible entry. Hawk, P. C., b. 1, chap. 64 ; 8 T. R., 356 ; 2 Carr. and Payne, 17 ; *Commonwealth* v. *Dudley*, 10 Mass. 403 ; *The People* v. *Richert*, 8 Cow. 226 ; 17 Wend. 257 ; 24 Barb. 16 ; *Gray and others* v. *Finch*, 23 Conn. 496. The same circumstances of violence or of terror which make an entry forcible will make a detainer forcible also. Hence, threats to do bodily hurt to the former possessor if he dare return, were held to constitute a forcible detainer. 8 Cow., 226.

In this case, the entry by Mrs. Kelsey and Cleveland was in the night, furtively and without apparent force or violence. The house into which they entered was unoccupied. It does not appear even that it was fastened. We think this was a mere trespass.

The detainer on the next day was by fastening the doors and refusing admittance to the agent of the owner. When he informed them that he had come for his tools which he had left there, he was permitted to come in and get the tools, but was forbidden to bring them back. We have some doubt whether these acts amount to a forcible detainer. A refusal to give up possession is held not to be. 10 Mass. 409. So it is said,—if a man, being in a house, refuse to open the door to one who comes to make entry, this is no forcible detainer. Here the fastening of the doors and refusing admittance, following upon the furtive entry, might perhaps be regarded as indicating an intention not only to compel the owner to use force to get in, but to use force in resisting his attempts to re-enter. But it is not necessary to decide that point.

We all concur in the opinion that the acts of the defendants in March, in forcibly preventing the plaintiff from putting his cattle into the field to drink and thus compelling him to quit the premises, were admissible to show, and, uncontradicted, proved a forcible detainer. Had the plaintiff persevered in his attempt, he might well have expected actual violence and injury to his person.

The complaint alleges forcible entry *and* forcible detainer ; and the Court below appear to have made their decision upon the

basis that both must be proved, and that a conviction for a forcible detainer only could not be had upon such a complaint. In this we think there was error. The authorities seem fully to sustain the doctrine that, where forcible entry and detainer are both alleged, yet if the proof is only of a forcible detainer, there may be a conviction for that alone.

In *The People* v. *Anthony*, 4 Johns. 201, KENT, Ch. J., says— on an indictment for a forcible entry and detainer the petit jury may find the defendant guilty of the detainer only, for a writ of restitution will equally go as if the conviction had reached to the whole indictment. *The People* v. *Richert*, 8 Cow. 226, is to the same point. The N. Y. statute under which these decisions were made is substantially like ours; and we find nothing in our statutes to lead to a different decision here. The process here is in form criminal—a fine may be imposed, a writ of restitution may be awarded the complainant, and in an action of trespass to be brought under the statute the complainant may recover treble damages. The proceedings aim to preserve the public peace and to protect and redress the rights of the injured party,—thus mingling civil and criminal proceedings in one suit; a peculiarity which seems to have attended these statutes of forcible entry and detainer from ancient times. 8 H., 6, c. 9.

It has been urged that where the entry is unlawful but peaceable, and the detainer forcible, there our statute does not apply, unless a demand in writing under the 13th section is first made. But that section applies by its terms to possessions wrongful and without force, and not to forcible entries and detainers.

It has been urged that our statute does not apply to the case of an unlawful but peaceable entry followed by a forcible detainer, and that this case is of that class. It is true that the statute speaks in express terms only of those " who make unlawful and forcible entry into lands and with strong hand detain them, and of " those who having a lawful and peaceable entry into lands unlawfully and by force hold the same." But if those who enter lawfully and peaceably are liable to conviction for a forcible detainer, we are at a loss to see why those who enter

unlawfully, though peaceably, and hold forcibly, should not be. It is the forcible detainer that constitutes the offence, and one who is guilty of that ought not to be better off for having entered *unlawfully* than if he had entered lawfully.   The spirit and reason of these statutes clearly require that an unlawful and peaceable entry, followed by a forcible detainer, should be held to come within their meaning and cognizance.   If the act gave jurisdiction only where the forcible detainer was preceded by an *unlawful* entry, as by the act of 8 Hen., 6, chap. 9, there a complaint for a *lawful* entry and forcible detainer might well be held insufficient; and such were the decisions in England under that act; but that principle obviously stands upon grounds wholly different from the one here sought to be established.

For reasons before suggested we think the judgment of the county court should be reversed and the case remanded.