## STEINLEIN vs. HALSTEAD.

*Forcible entry and detainer.*

1. A., with the aid of six or eight men, hastily tore down a part of the fences around a lot which had been for a year and a half in the peaceable possession and occupation of B., and with great haste moved thereon a shop, in the absence of B. and his family from his premises, and without personal violence or intimidation toward any person, but without the consent of B. *Held*, that the jury were warranted in finding a forcible entry.
2. B. afterwards went to the shop, which was occupied by A. with several workmen, and informed A. that he had taken possession unlawfully, and requested him to remove without delay; and A. answered that "no one could get him away unless he were forced to go by law." *Held*, that this language imported that A. would resist by force all attempts to remove him except through legal process; and warranted the jury in finding a forcible detainer. *Carter v. Van Dorn*, 36 Wis., 289, distinguished.

APPEAL from the Circuit Court for *La Crosse* County.

Action for an unlawful and forcible entry and detainer. The plaintiff appealed from a judgment of nonsuit.

The evidence is sufficiently stated in the opinion.

For the appellant, a brief was filed by *John J. Cole* and *Cameron, Losey & Bunn*, and the cause was argued orally by *Charles W. Bunn*. They cited *Jarvis v. Hamilton*, 19 Wis., 187; *Ainsworth v. Barry*, 35 id., 136; *McCauley v. Weller*, 12 Cal., 527; 1 Russell on Crimes, 308; and distinguished *Carter v. Van Dorn*, 36 Wis., 289.

For the respondent, a brief was filed by *M. P. Wing* and *G. C. Prentiss*, and the cause was argued orally by *Mr. Wing*. They cited *Carter v. Van Dorn*, 36 Wis., 289; *Willard v. Warren*, 17 Wend., 257; *People v. Smith*, 24 Barb., 16; *Comm. v. Dudley*, 10 Mass., 409; and they distinguished *Jarvis v. Hamilton*, 19 Wis., 187, in which this court held that the jury might have found that defendant *broke into the house*, and also threatened violence to the plaintiff, or his agents.

CoLE, J. We think the learned circuit judge erred in granting the nonsuit. It appeared from the evidence that the plaintiff had been in the peaceable possession of the dwelling and the west half of lot 10 for more than a year and a half, when the defendant entered upon the premises by tearing down the fence and moving a building onto that part of the lot. The manner in which this entry was made, is disclosed in the evidence. The plaintiff, in substance, testified that, when informed by his daughter, about five o'clock in the afternoon, that somebody had moved a large carpenter shop close to the house, he went to see about it; that he found no one in the shop, but a crowd around there; that he went the next morning to see who occupied the shop; that he found the fence all torn down as far as the building occupied the lot, and a parcel over on which the boards were chopped with an ax and nailed to the building. Other witnesses who saw the transaction say there were six or eight men engaged in this work of tearing down the fence and moving the building. The

witness Schwab, who was near and saw what was done, says that they took down the fence in a hurry, and moved the building from the street onto the lot "as fast as I ever saw a building of that size moved;" that "they drove their horse like blazes." At this time the plaintiff's daughter was temporarily absent from the house, so that no personal violence or intimidation could be or was used towards her or any other party. But still the jury might well have found, from the above testimony, that the entry on the part of the defendant was violent, made with the determination to take possession forcibly and with strong hand. If so, it would have constituted a forcible entry within the statute. In *Jarvis v. Hamilton*, 16 Wis., 575; *S. C.*, 19 id., 188; *Ainsworth v. Barry*, 35 id., 136, it was held that an entry by force into a building, without any violence used or offered to any person, was forcible, within the statute.

Now in regard to the detainer. The plaintiff testified as follows: "I went into the building, and found the defendant to be owner of the building, and occupier. I told him he had taken unlawful possession here, and I wanted him to remove without delay. He said he would not remove unless he was forced to do so by law; that nobody could get him away without he was forced to go by law; he had two or three men working in the shop." We fully agree with the counsel for the plaintiff, that this language fairly imported that the defendant would resist by force all attempts, except through legal process, to remove him from the possession. He was there in the shop, which of course covered a portion of the lot, with two or three workmen, having certainly the present ability, and doubtless entertaining the purpose, to retain that possession to the extent of his power, should efforts be made to dispossess him otherwise than by legal process. Under these circumstances, the plaintiff was not bound to persevere in his attempt to regain possession by violently expelling the defendant if he could. This would inevitably lead to a breach

of the peace, which it was not necessary he should commit before his remedy would be complete under this statute. "On this subject the law is, that the same circumstances of violence or terror which will make an entry forcible, will make a detainer forcible also; and whoever keeps in the house an unusual number of people, or unusual weapons, or threatens to do some bodily hurt to the former possessor if he dare return, shall be adjudged guilty of a forcible detainer, though no attempt be made to reënter." SAVAGE, C. J., in *The People v. Rickert*, 8 Cow., 226–232.

It is insisted that the nonsuit is sustained by the decision in *Carter v. Van Dorn*, 36 Wis., 289. But an examination of the facts in that case will show that the case there presented was quite unlike the one at bar. The testimony is commented on by Mr. Justice LYON, who says it showed that the entry of the defendant into the inclosure was peaceable, and failed to prove that the premises were detained by force. We are clear that the result of the testimony in the case was fairly stated in the opinion, and it is apparent that the case is distinguishable from the one under consideration.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial ordered.