Coogan v. McArdle.

---

## New York Marine Court.

*General Term—February, 1880.*

MATTHEW COOGAN, Plaintiff and Respondent, *against* HENRY McARDLE, Defendant and Appellant.

Breach of the peace. Arrest without warrant for making forcible entry on lands and tenements in possession of another. Error in charge.

Action for false imprisonment in causing the plaintiff's arrest by a police officer without a magistrate's

warrant. The defendant justified the arrest by a plea setting forth ownership in the house No. 17 Beach street, in the city of New York, and possession under color of title and claim of ownership of the back yard belonging thereto. The defendant also pleads that on June 10, 1878, he discovered the plaintiff and three others tearing down the westerly wall on said yard, which was built of solid brick laid in mortar, and about fourteen feet in height. That he ordered the plaintiff and said three others to desist, and that they persisted in their efforts, whereupon an officer was called and the plaintiff arrested. He was subsequently taken before a police magistrate, who discharged him upon the ground that the complaint was matter proper for a civil and not for a police court. The jury awarded the plaintiff $150 damages, and the defendant appeals.

*Wilson M. Powell,* for defendant and appellant.

*Chas. S. Spencer,* for plaintiff and respondent.

McADAM, J.—This action grows out of a disputed question of title to the back yard of No. 17 Beach street. The defendant was in possession of the back yard, and one O'Connor, a neighbor, claiming title to it, undertook through the plaintiff and his three associates to possess himself of it. They commenced tearing down the brick wall dividing the premises occupied by the defendant and those occupied by O'Connor. The defendant, who was in possession, ordered the plaintiff and his associates to desist, telling them they were on his property. The plaintiff and his associates claimed the right to tear down the wall, saying they were going to build a house there, whereupon the officer was called and the arrest made. This was certainly a summary, if not novel mode of settling a disputed question of title, and one well calculated to lead to just that sort of trouble which followed. The

Coogan v. McArdle.

acts of the four men armed with picks and crowbars, making forcible entry into and upon the lands, tenements and possessions of another, were calculated to provoke a breach of the peace, which the officer (whether called by the defendant or not) had the power to prevent. As the plaintiff and his associates persisted in their efforts, under a claim of right, the officer was justified in taking the plaintiff to the police station, and from thence to the police court (People v. Ricket, 8 Cow. 226 ; 9 Cent. L. J. 461 ; Wharton's Am. Crim. Law, § 2013, et seq. ; see cases cited in McAdam's L. & T. 197, as to the right to arrest without a magistrate's warrant ; see L. 1864, p. 921, § 30 ; L. 1866, c. 377). For, in the language of Lord Kenyon (in Rex v. Wilson, 8 T. R. 357, 361), "no one shall with force and violence assert his own title against another in actual and peaceable possession under color of title and claim of right" (and see cases cited in note 9 to Bishop's Crim. Law, § 475).

The police magistrate before whom the plaintiff was taken did not formally decide whether the plaintiff had committed any offense or not, but summarily dismissed the case, saying that his was not the proper forum to try the disputed question of title, and referring the parties to the civil courts. It is not necessary for the purposes of this appeal to consider whether or not the magistrate was correct in this conclusion. It is sufficient to say, that after the parties were by this action brought into a court competent to try the question of title, and evidence bearing upon the question having been adduced, the defendant, before being mulcted, asked the presiding judge to charge the jury "that if the defendant was in peaceable possession of the premises, and the plaintiff was, without authority of law, pulling down the wall, then the defendant had a right to cause the arrest for that

offense." The trial judge refused so to charge, and the defendant's counsel excepted.

Under the view we have taken of this case the above request was eminently proper (Bliss *v.* Johnson, 73 *N. Y.* 520), and the refusal to charge the proposition embraced in it is error, for which the judgment appealed from must be reversed and a new trial ordered, with costs to abide the event.

SHEA, C. J., and SHERIDAN, J., concurred.

NOTE.—No further appeal was taken.