## LABRO *v.* CAMPBELL.

*(Superior Court of New York City, General Term.　June 20, 1888.)*

LANDLORD AND TENANT—EVICTION—WHAT CONSTITUTES.

An action by a lessee against his landlord for a violation of Code Civil Proc. § 2233, forbidding an entry upon real property except in a peaceable manner, is not sustained by proof that workmen employed by defendant against plaintiff's objection entered the house and made alterations therein, thereby so annoying plaintiff that he vacated the premises, since it appears from such allegations that plaintiff was not compelled to leave the premises by force.

Appeal from jury term; RICHARD O'GORMAN, Judge.

Action by Albert Labro against Annie Campbell, for unlawful entry. Defendant appeals from a judgment for treble damages entered on a verdict for plaintiff.

Argued before SEDGWICK, C. J., and FREEDMAN and TRUAX, JJ.

*Charles Donohue,* for appellant. *Joseph N. Goldbacher,* for respondent.

SEDGWICK, J. The action was for a violation of section 2233 of the Code of Procedure: "An entry shall not be made into real property, but in a case where the entry is given by law, and in such a case only, in a peaceable manner, not with strong hand or a multitude of people;" or the action would lie at common·law for forcible entry and detainer. The complaint demanded treble damages under section 1669, which provides if a person is disseized, ejected, or put out of real property in a forcible manner, he is entitled to recover treble damages in an action therefor against the wrong-doer. The plaintiff, at the time of the occurrence complained of, was the lessee of the defendant, of the premises in question. Workmen of the defendant went upon the premises, and against the objection of the defendant insisted upon going in, did go in, and continued there, going in every day for about a month, working there, and leaving when the work was done. We will assume, but not decide, that the defendant was responsible for all that the workmen did, and that the workmen used force of the kind that is forbidden by the law against forcible entry. Still it appears incontrovertibly by plaintiff's own testimony ·that such force was not used against him, or that the force was not the occasion or cause of his leaving the premises. The case was tried below as if the wife of the defendant was the plaintiff or had the right to prosecute such an action. If she left the premises by reason of the force, she was not the possessor of the premises. The defendant, her husband, was in possession, and there was no evidence even that the force used to the wife caused him to leave.

In an approved case, (*Willard* v. *Warren,* 17 Wend. 262,) the court held that a jury should have been charged that personal terror or force was a necessary ingredient of such an action. In *People* v. *Smith,* 24 Barb. 18, citing *Willard* v. *Warren, supra,* and *People* v. *Rickert,* 8 Cow. 232, it was said that there must be circumstances of force or terror, and that a mere naked trespass to lands never was yet holden sufficient. A mere trespass will not sustain the action. *Wood* v. *Phillips,* 43 N. Y. 158; *People* v. *Field,* 52 Barb. 214. The plaintiff's testimony was that by reason of the workmen disturbing his premises, he, when he came home, had no home. The floor was torn up, the bureau, bed, and everything removed, everything full of dirt and dust. He could hardly wash himself. His wife and babe became sick. "I had no comfort for over a month, from early in March till when I left in April." He afterwards said that his wife and baby got sick, and the risk was such that "I had to take her out of the rooms." From this it appears that the cause of the plaintiff leaving the premises was not an ouster or eviction by force, but attention to his comfort and the health of his wife and babe. There may have be·n a trespass, but there was no action for forcible entry. There are,

it is said, actions of this kind when the entry is made by force of a certain kind upon unoccupied premises. In those cases the entry must be to take possession as a disseizor in fact. That did not occur in this case. I am of opinion that in an action of treble damages (section 1669) there can only be a recovery for damages happening at and after the time of the disseizin, and that whatever is recovered must be for the consequences of the force used, to-wit: Those cases that hold that as between landlord and tenant there may be an eviction by the former of the latter by means not amounting to physical expulsion, are not applicable to actions for forcible entry and detainer. I am of opinion that the motion to dismiss the complaint should have been granted at the trial. Judgment and order appealed from reversed. New trial granted, with costs to abide the event.

FREEDMAN and TRUAX, JJ., concur.