JOHN J. HALLOCK, Respondent, v. THE NEW YORK
CENTRAL AND HUDSON RIVER RAILROAD COMPANY,
Appellant.

Forcible entry and detainer — action for treble damages — when
judgment for forcible detainer cannot be sustained.

In an action for treble damages for forcible entry upon, or
detainer of real property, the plaintiff must give proof of facts
which will bring the case within the provisions of the statute
(Code Civ. Pro. § 1669), and where in such an action the entry was
shown to be peaceable and under legal process, and the evidence
discloses that there was no force used to keep the plaintiff out of
the premises and that he was not in fear of any personal vio-
lence, a judgment against the defendant for the forcible detainer
of the premises cannot be sustained.

*Hallock* v. *N. Y. C. & H. R. R. R. Co.*, 136 App. Div. 912, reversed.

(Argued April 28, 1911; decided May 16, 1911.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered January 14, 1910, affirming a judgment in favor
of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*A. H. Cowie* for appellant, There was no forcible
entry or detainer.   (*Town of Oyster Bay* v. *Jacobs,* 109
App. Div. 613.)   It was error to allow the jury to find
that neither party had title and that there was a forcible
detainer.   (*Compton* v. *The Chelsea,* 131 N. Y. 538;
*Town of Oyster Bay* v. *Jacobs,* 109 App. Div. 613; · *Cain*
v. *Flood,* 38 N. Y. S. R. 196; 138 N. Y. 639; *Alexander*
v. *Griswold,* 44 N. Y. S. R. 121; *O'Donnell* v. *McIntyre,*
37 Hun, 623; 118 N. Y. 156.)

*Frank E. Young* for respondent.   The plaintiff was
guilty of a forcible entry and detainer of the property in
question.   (*Wilson* v. *Campbell,* 8 L. R. A. [N. S.] 426;

*Pharis* v. *Gere,* 110 N. Y. 346; *Town of Oyster Bay* v. *Jacobs,* 109 App. Div. 613.)

GRAY, J.   The action was brought to recover the treble damages allowed by section 1669 of the Code of Civil Procedure in cases of the forcible entry upon, or detainer of, real property.   Upon the trial, the case was submitted to the jury upon the evidence and the plaintiff obtained a verdict; the amount of which was trebled by the judgment pursuant to the statute.   There was an affirmance at the Appellate Division, by a divided court, and the defendant now appeals to this court.

I think that the case should not have been submitted to the jury and that the motion for a nonsuit, made upon the plaintiff's case and renewed upon the whole case, was erroneously denied.   The question, which the exception to the denial of the motion raises, is whether the plaintiff had made out a case under a complaint, which was based, expressly, upon the statute.   The action is at law and the plaintiff's right to any recovery must depend upon proof of facts, which will bring the case within statutory provisions, that are penal in their nature.   Section 1669 provides that "if a person is disseized, ejected, or put out of real property, in a forcible manner; or, after he has been put out, is held and kept out, by force, or by putting him in fear of personal violence, he is entitled to recover treble damages, in an action therefor against the wrong-doer."   There was no proof of a forcible entry upon the premises and the trial court so charged; but it was left to the jury to say if there had been a forcible detainer.   The evidence shows that the piece of land, in question, formerly, was part of a tract, which one Clark conveyed to the defendant in June, 1888, and that Clark had a good title to the land.   Some years prior to that conveyance, a man named Cholet had a small hut, or shanty, upon the premises, in which he sold refreshments. The property so occupied was a small parcel of land in an

angle formed by the crossing of a street over the defendant's railroad, in the vicinity of Onondaga lake and, more or less, in the open country. In 1887, Cholet moved away and the plaintiff bought out his interest, whatever it was. He put up a small building and, from time to time, leased it to tenants. In 1906, the attention of the defendant's officers seems to have been particularly drawn to the place by reason of an action against the company, brought to recover damages for a collision occurring at this crossing; in which action it was claimed that the building was an obstruction to the view of persons approaching the tracks. Learning that this plaintiff had some interest in the premises, it was sought to have him remove the building. Negotiations failing to cause him to do so, the defendant instituted a summary proceeding under subdivision 4 of section 2232 of the Code of Civil Procedure to remove the plaintiff's tenant as a squatter upon the property. The proceeding was not defended by the tenant nor by the plaintiff, although the latter was given an opportunity to defend, and the defendant obtained a judgment by default. The tenant in occupancy of the building had given up the keys to the plaintiff some time before and, after the recovery by defendant of its judgment, when its attorney, in company with a court officer, went to the building, they found it vacant and entered it without trouble, or opposition. After that, the plaintiff sought to have the company, itself, remove the building for him to some adjoining land; but efforts to adjust the matter were without result. Subsequently, the defendant sent a gang of men to tear the building down. They had removed the roof, the doors, windows and a wall, and had piled outside what personal property was in the building. At that stage, the plaintiff with Young, a lawyer, arrived on the ground and the question turns upon their testimony with respect to the existence of any facts showing forcible detainer. Their testimony agrees; but I will use only Young's, as it puts the matter the more strongly.

Young spoke for the plaintiff and told the foreman of the gang that the person with him was the owner of the property and that they must leave the property at once. To this the foreman replied that "he was sent there by the defendant to tear down the building and he was going to do it; that if we didn't look out the building would be down on our heads. They were then working on the wall to the north of where we were standing inside the building and some of the men yelled out ' This wall is coming down', and Mr. Zeigler, (the foreman), said, ' You better get out from here; you will get hurt; this wall is coming down', and we started and he started and we got very comfortably out in the street, when down came the whole side of the building; they had cut away the building at the floor and it came right over the whole length of the building and we came away. Nobody laid hands on me; we didn't give them an opportunity. We just stepped out so that we could be out of it when the building fell. He, (Mr. Zeigler), said we were in danger of being hurt and I believed him." The evidence fell far short of proving a forcible detainer. There was no force used to keep the plaintiff out of the premises and he was not in fear of any personal violence. The theory, upon which the action for a forcible entry, or detainer, which are distinct offenses, is allowed for either, is that the complainant shall have redress for a forcible violation of his rights by the trebling of the damages sustained; while the offender is punished for the disturbance of the public peace by his violent conduct. Because of the breach of the peace, in a disorderly trespass upon the land, damages are given punitively. (*Wood* v. *Phillips*, 43 N. Y. 152, 157.) Whether the complaint be of a forcible entry, or of a forcible detainer, the circumstances of force, or violence, to be shown, in each case, are the same. This was held in *People ex rel. Kline* v. *Rickert*, (8 Cow. 226); where, also, it was pointed out what would amount to a forcible detainer. It was said: "The law is, that the same

circumstances of violence or terror which will make an entry forcible, will make a detainer forcible also; and whoever keeps in the house an unusual number of people, or unusual weapons, or threatens to do some bodily hurt to the former possessor if he dare return, shall be adjudged guilty of a forcible detainer." (p. 232.)

This question has been passed upon, quite recently, and quite fully, by this court in *Fults* v. *Munro,* (202 N. Y. 34), an action of the same nature as the present one.  In that case, Judge VANN, speaking for the court, defined what force was necessary to be shown to constitute a forcible entry and the definition is applicable to a case of forcible detainer.   He said: "The force used must be unusual and tend to bring about a breach of the peace, such as an entry with a strong hand, or a multitude of people, or in a riotous manner, or with personal violence, or with threat and menace to life or limb, or under circumstances which would naturally inspire fear and lead one to apprehend danger of personal injury if he stood up in defense of his possession." (p. 42.) In that case as in this, the entry was shown to have been peaceable and the question was, as here, whether the plaintiff was kept out by force.   It was held that "although the entry was peaceable, still if the plaintiff was kept out through fear of personal violence, she was entitled to recover treble damages for a forcible detainer," (p. 43), and then the opinion proceeded to consider whether the acts of the defendant were such as would, under the rule in *People ex rel. Kline* v. *Rickert,* (*supra*), amount to a forcible detainer.   The facts in that case were that an officer marched with a loaded gun in front of the plaintiff, as she sat by her effects on the roadside, and demeaned himself in such ways as naturally to inspire fear of personal injuries, if she should attempt to regain possession of her land.   The opinion in *Fults* v. *Munro* carefully reviews the statutes and the cases, from an early date, and is in point as an authority.

I think it clear that this plaintiff has utterly failed to make out a case of forcible detainer. The evidence, simply, shows a warning given by the foreman to him and to Young, after these persons had entered the building, that they were exposed to the danger of personal injuries from its fall. No force was resorted to, and there were no threats made of personal violence, against the plaintiff. All that he had to apprehend was from the consequences of remaining in a building in course of demolition. If the defendant had been guilty of a mere trespass, the law afforded the plaintiff an adequate remedy for the injury by an ordinary action.

The complaint should have been dismissed and I advise a reversal of the judgment and that a new trial be ordered; with costs to abide the event.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, HISCOCK and COLLIN, JJ., concur.

Judgment reversed, etc.