SIMHISER and another, Appellants, vs. FARBER and another, Respondents.*

*June 2—June 28, 1955.*

* Motion for rehearing denied, with $25 costs, on September 13, 1955.

For the appellants there were briefs and oral argument by *William A. Chatterton, William Bradford Smith,* and *Walter Perry Neff,* all of Madison.

For the respondents there was a brief by *Lee & Becker* of Madison, and oral argument by *Stuart H. Becker* and *Lester Lee.*

BROADFOOT, J.   Sec. 291.03, Stats., reads as follows:

"No person shall make any entry into real property but in cases where entry is given by law, and in such cases not with strong hand nor with a multitude of people, but only in a peaceable manner. Any person who shall make such unlawful or forcible entry and detain the same, or who, having peaceably entered upon any property, forcibly holds the possession thereof, may be removed therefrom and fined in the manner provided in this chapter."

So far as the reports of this court show, attempts to repossess real property without process have been few in number. Such attempts are not favored as they are apt to lead to violence and the breach of the public peace. It is recognized, however, that a lessor may re-enter and repossess the premises himself if in accordance with his lease, provided that he does not violate the provisions of the statute quoted above.

Ordinarily the right of the lessor to repossess the premises would be an issue. However, in this case it was stipulated that unless the entry and subsequent detainer were forcible, the defendants might remain in possession. A fair statement of the law of forcible entry and detainer is found in 3 Thompson, Real Property (perm. ed.), p. 789, sec. 1515, which reads in part as follows:

"A forcible entry must be accompanied either with actual violence, or be made under circumstances tending to excite terror and to intimidate the owner, or his servants, from maintaining his rights. A 'forcible entry,' within the meaning of the Forcible Entry and Detainer Act, is one accompanied with some circumstance of force or violence to the person, or one accomplished in a riotous or tumultuous manner endangering the public peace. An entry which has no other force than that implied in every trespass is not within the statute. The word 'force' as here used, means 'actual force' as contradistinguished from 'implied force.' Any entry requires force, in the literal sense of the term, but that could not have been meant by the statute, for it would involve an absurdity; nor does it mean that force which the law implies where a peaceable entry is made by one having no right to

enter. The conclusion may therefore be drawn that the force which the statute inhibits is actual force. The statute was not intended to apply to a mere trespass, however wrongful. The entry or detainer must be riotous, or personal violence must be used, or in some way threatened, or the conduct of the parties guilty of the entry or detainer must be such as in some way to inspire terror or alarm in the person evicted or kept out. In other words, the force contemplated by the statute is not merely the force used against or upon the property, but force, used or threatened, against persons as a means or for the purpose of expelling or keeping out the prior possessor."

Simhiser testified that on two occasions Farber used slight but actual violence against his person. Both were denied by Farber. Thus an issue of fact was raised and the same was resolved by the trial court in favor of the defendants. The credibility of the witnesses was for the trial court, and we cannot disturb its finding.

There are exceptions to the rule that actual force must be used. Plaintiffs direct our attention to the following language in the case of *Winterfield v. Stauss,* 24 Wis. 394, 400:

"And, where the entry was obtained by stealth or stratagem, or without real violence, and the party entering evinced his purpose in having entered to have been the forcible expulsion of the party in possession, and it was followed up by actual expulsion by means of personal threats or violence or superior force, this has been held to amount to a forcible entry."

Plaintiffs contend that the procedure employed by the defendants brings the case within this recognized exception in that they employed stealth and stratagem to gain entry and to detain the premises. It appears from the record that Farber's attorney planned the procedure. He retained Berigan and Novick to appear, one after the other, to observe what transpired and to be available as witnesses in case a suit developed. The attorney also appeared to observe the proceedings. None of these parties did anything but observe,

none of them took part in any conversation with the night clerk or with Simhiser, nor did they participate in any way in the repossession. The plaintiffs argue that, because the procedure was planned in advance, stratagem was used. Webster's New International Dictionary (2d ed., unabridged), defines the word "stratagem" as follows:

"An artifice or trick in war for deceiving and outwitting the enemy; hence, in general, artifice; deceptive device."

No trick or deception was used to gain entrance. It was made openly through the front door of the premises and we agree with the trial and reviewing courts that the procedure does not come within this exception.

The plaintiffs also contend that, in addition to the above persons, at various times the janitor and a bookkeeper employed by the defendants appeared in the lobby; therefore, there was a violation of the statute in that Farber appeared with a multitude of people. Had these people entered with Farber and stood with him, we would say that under the circumstances that would support the averment of a multitude of people. However, under the circumstances here, we cannot agree with the contention of the plaintiffs.

Another exception to the rule that actual force must be used is that threats or actions that give those in possession just reason to think violence will be used, are sufficient to support a claim of forcible entry or forcible detainer. There is no evidence in this record, however, that any threats were used, no arms or weapons were displayed, and there was nothing in the procedure that could give Simhiser just reason to think that violence would be used.

Plaintiffs also call our attention to the case of *Steinlein v. Halstead,* 42 Wis. 422, and particularly to certain language used therein. In that case the defendant, with six or eight men, tore down a portion of a fence and with great haste moved a building upon a lot occupied by the plaintiff. In the

trial court a nonsuit was granted upon motion of the defendant. This court merely said that from the evidence a jury might have found that the defendant had violated the provisions of the statute and the case was remanded for a new trial, so that the jury could pass upon the issues presented. This case, however, differs from the *Steinlein Case* because the matter was resolved on the basis of the record and upon findings.

From the record before us we must determine that the findings of the trial court were supported by sufficient evidence and that the circuit court properly affirmed the judgment of the small claims court.

*By the Court.*—Judgment affirmed.