# Bishop *v.* Truett.

*Statutory Action in nature of Ejectment.*

1. *Common source of title.*—In ejectment, or the statutory action in the nature of ejectment, if both parties claim under the same person, or common source of title, neither is bound to prove the nature or quality of that title.

2. *Adverse possession; when plaintiff may recover on.*—When the plaintiff shows no paper title, but relies on prior adverse possession, he must show that his possession was open, notorious, under claim of right, and continuous for the period prescribed by the statute as a bar to entry by the true owner ; or, if his own possession did not continue so long, must connect it with the adverse possession of the preceding holder ; and if the former holder entered under contract with the true owner, or in subordination to his title, it must be shown that he afterwards asserted a hostile claim in himself, and that notice thereof was brought home to the owner, his possession not becoming adverse until that time.

3. *Possession by purchaser under executory contract.*—When a purchaser enters into possession under an executory contract, not having received a conveyance, nor paid the purchase-money, his possession does not become adverse to the vendor, until there is a disavowal of his title, and the assertion of a hostile claim of right in himself.

4. *Judgment in action of unlawful detainer; admissibility and effect as evidence.*—In ejectment, or the statutory action in the nature of ejectment, when the plaintiff relies on prior adverse pessession only, a judgment rendered against him in an action of unlawful detainer, in favor of the defendant's vendor, under which he was dispossessed, is admissible evidence, as showing that the continuity of his possession was broken, and is conclusive against him as to the character of his possession at that time.

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. LEROY F. BOX.

This action was brought by C. J. Truett, against William Bishop, to recover the possession of a tract of land, with damages for its detention; and was commenced on the 22d July, 1887. Under the rulings of the court on the evidence, and in the charges to the jury, the plaintiff had a verdict and judgment; and these rulings, to which exceptions were reserved by the defendant, are now assigned as error.

H. A. GARRETT, and N. D. DENSON, for appellant.

W. D. BULGER, *contra,* cited *Brady v. Huff,* 75 Ala. 80; *McCall v. Pryor,* 17 Ala. 533; *Cox v. Davis,* 17 Ala. 714;

[Bishop v. Truett.]

*Wilson v. Glenn*, 68 Ala. 383; *Smith v. Roberts*, 62 Ala. 83; *Kirkland v. Trott*, 66 Ala. 417; *Allred v. Kennedy*, 74 Ala. 326.

CLOPTON, J.—The plaintiff originally acquired possession under a purchase from Busbee, who obtained his possession by purchase from Elisha Wood. Defendant claims title under a sale and conveyance from Norman, to whom Elisha Wood sold and conveyed the land. Both parties claiming from and through the same person, neither is bound to prove the nature or quality of Wood's title.—*Pollard v. Cocke*, 19 Ala. 188.

To a proper understanding and consideration of the questions involved in the case, it should be observed, that the plaintiff founds his right to recover possession of the land sued for solely on adverse possession, under such circumstances, and for such length of time, as vests in him a right of entry. In the statutory real action, as in ejectment, when the plaintiff relies on adverse possession, it is incumbent on him to establish all the essential elements—open, notorious, under claim of right, and continuous for the period prescribed by the statute as a bar to entry by the true owner. As the plaintiff did not himself hold possession for the requisite time, it is necessary to connect his possession with that of a preceding adverse holder. It was attempted to connect it with that of Busbee; and hence the character of the latter's possession is involved. Possession, to be adverse, must be hostile in its inception; or, if originally taken in subservience to the rightful title, there must be a change of its character. An entry will not be presumed to be adverse to the rightful owner. If originally acquired and taken in privity with the true owner, the presumption is, that it was taken and continued in recognition of, and subordinate to his title; and this presumption continues through the successive possessions of different occupants. In such case, mere continuance in possession, however open and notorious, and however continuous, never ripens into an adverse possession. To make such possession adverse to the true owner, there must be a distinct disavowal of his title, and the assertion of a hostile claim, which must be brought home to him. Otherwise, he has a right to presume that the possession is continued in the same manner, and by the same right under which it was originally taken.—*Hart v. Kendall*, 82 Ala. 144.

The plaintiff does not claim or pretend that Wood made a conveyance to Busbee, or that the latter had paid the purchase-money. The only reasonable inference from the evidence is, that the contract of purchase rested in parol, and was executory in its character. Without a conveyance, or the payment of the purchase-money, or a disavowal of Wood's title, and the assertion of a claim by Busbee in his own right, his possession will not be regarded adverse to Wood. *Walker v. Crawford*, 70 Ala. 567. The court instructed the jury, that if the plaintiff, and those under and from whom he acquired possession, had, for a period of more than ten years before the suit was brought, been in actual, uninterrupted, open, notorious, adverse possession under claim of title, and exercising open, notorious acts of ownership, this would authorize a verdict for the plaintiff, unless the defendant had shown a better title. As the case is presented by the evidence, it was incumbent on the plaintiff to establish adverse possession against Wood and those claiming under him by derivative conveyances. When referred to the evidence, the charge ignores the fact that both plaintiff and defendant claim to derive title from Wood, and withdraws from the consideration of the jury the evidence showing the manner in which Busbee originally entered into possession, the necessity of a disclaimer of Wood's title, and of such disclaimer being brought to his notice. Under the charge, the jury would have been authorized to return a verdict for the plaintiff, without reference to, and in the absence of proof of such disclaimer and notice.

In order to disprove the claim of adverse possession prior to the commencement of the suit, defendant introduced in evidence a transcript of the proceedings in an action of unlawful detainer, instituted by Norman, from whom he derived title, against the plaintiff, in March, 1885; in which a judgment was rendered by the Circuit Court, that Norman recover possession of the land from plaintiff. The judgment was rendered in April, 1886. The plaintiff was dispossessed, and Norman put into possession, before the commencement of this action. Unlawful detainer, as defined by the statute, is: "When one who has lawfully entered into possession of lands or tenements, after the termination of his possessory interest refuses, on demand in writing, to deliver possession thereof to any one lawfully entitled thereto, his agent or attorney."—Code, 1886, § 3381. It is a possessory action, the issues in which necessarily involve the character and

[Harmon v. Lehman, Durr & Co.]

extent of the possessory interest of plaintiff, who was the defendant therein, its termination, and the right of Norman to possession. The adverse possession, on which plaintiff relies to recover in the present action, was involved in the issues, and would, if shown, have constituted a full defense to the action of unlawful detainer. Right to possession is essential to the maintenance of the statutory real action. When the plaintiff relies only on an adverse possession, it may be shown in defense that he had voluntarily abandoned such possession before the commencement of the suit. On the same principle, it may be shown that the continuity of his possession was broken by dispossession under the judgment of a court of competent jurisdiction, in a suit in which the judgment is conclusive as to his right of possession, and its character and extent are determined adversely to the plaintiff. Though, in an action of unlawful detainer, the title to the land can not be inquired into, a judgment in such action is an adjudication that the defendant therein did not have and hold adverse possession at the time the action was instituted; that his possessory interest, whatever may be its character and extent, had terminated, and that the plaintiff therein is lawfully entitled to possession.—*Brady v. Huff*, 75 Ala. 80. The judgment in the action of unlawful detainer is conclusive on plaintiff, that he did not hold adverse possession against Norman, and those claiming under him, prior to, and at the time af the institution of the action of unlawful detainer. As the plaintiff does not show any other right or title, the affirmative charge in favor of the defendant should have been given.

Reversed and remanded.