# Barnewell *et al. v.* Stephens.

## *Action for Unlawful Detainer.*

1. *Unlawful detainer; possession by tenant.*—Where a tenant, who is in possession, attorns to one who claims the ownership of the property, the person to whom he has so attorned, can maintain an action of unlawful detainer against such tenant for his holding over after the termination of the term of his lease.

2. *Same; tenant at will; necessity for terminating tenancy.*—Where one is in possession of land as a tenant at will of the owner, before the owner can maintain an action for unlawful detainer, he must give notice to the tenant of his desire and intention to terminate the tenancy, and then must make, after such notice, a written demand for the delivery of the possession of the land; and in such an action where there is no proof showing a termination of the defendant's possessory interest, he is entitled to the general affirmative charge.

3. *Unlawful detainer; sufficiency of written demand for possession by attorney of landlord.*—While the statute gives the agent or attorney of a landlord, the authority to make a written demand upon the tenant for delivery of possession, before such a landlord can maintain an action for unlawful detainer, it must be shown by the evidence that the attorney who makes the demand was in fact at the time it was made, the attorney of the landlord; and the subsequent bringing of the suit by an attorney does not create the presumption that he was the landlord's attorney at the time the written demand was made.

4. *Evidence; when motion to exclude all the evidence properly overruled.*—A motion to exclude the whole of a witnesses' testimony, is properly overruled, if any part of such testimony is relevant and admissible.

39c

[Barnewell *et al.* v. Stephens.]

5   *Unlawul detainer; admissibility in evidence of deed.*—In an
action of unlawful detainer, a deed to the plaintiff is admissi-
ble to show the extent of his possession to the premises in
controversy, and the fact that such deed does not convey all of
the land claimed in the complaint, is no ground for its ex-
clusion.

6.   *Evidence; motives or wishes of witness inadmissible.*—The tes-
timony of a witness, as to his uncommunicated motives,
wishes or mental interests, is inadmissible.

7   *Unlawful detainer; statute of limitation.*—In an action of un-
lawful detainer, where it is shown that the defendants at-
torned to the plaintiffs' within three years prior to the bring-
ing of the suit, the statute of limitation of three years is
not available to the defendant.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This suit was brought by the appellee, George H.
Stephens, against the appellant, Louisa Barnewell, Su-
sie Johnson, George Barnewell and Ella Barnewell. The
complaint as originally filed contained two counts. The
first count was for unlawful detainer, and the second for
forcible entry and unlawful detainer. The defendant
pleaded the general issue and by special plea set up the
statute of limitation for three years. Upon issue joined
by these pleas the cause was tried.

The tendencies of the evidence are sufficiently set
forth in the opinion. During the examination of the
witness Austill, he testified that during the year 1901,
he had been on the land involved in the suit with one
George C. Boltz. He was then asked to tell what took
place at the time he went there with Boltz. Upon the
witness answering that "he made statements to me
that made me wish to visit the family down there," the
defendant objected to the answer and moved to exclude
it, and upon the court's overruling his objection and mo-
tion, the defendant duly excepted. The written demand
that was shown by the testimony and admitted by the
defendants to have been served upon them, was in words
and figures as follows: "Mobile, Ala., December 2,
1902. To Louisa Barnewell, Susie Johnson, George
Barnewell and Ella Barnewell: This is to demand that
you immediately vacate and surrender to the under-

signed who is the owner of the same, the following de-
scribed land, to-wit, (describing the land involved in
suit.)  (Signed) George H. Stephens, by R. T. Ervin,
Shelton Sims, his attorneys." Upon the introduction of
all the evidence, the defendants requested the court to
give to the jury the following written charges; and sep-
arately excepted to the court's refusal to give each of
them as asked:  (1.) "The court charges the jury, if
you believe the evidence, you must find for the defend-
ants, Susie Johnson, Geo. Barnewell and Ella Barne-
well." (2.) "The court charges the jury, if you believe
the evidence, you must find for the defendants." (3.)
"The court charges the jury, that if you believe from the
evidence that the defendants have had three years un-
disputed possession of the property sued for, before the
commencement of this suit, they should find for the de-
fendant." There were verdict and judgment for the
plaintiff.

The defendants appeal and assign as error the several
rulings of the trial court, to which exceptions were re-
served.

L. H. & E. W. Faith for appellants.—This notice was
signed, not by the plaintiff personally, but by Shelton
Sims and R. T. Ervin, as his attorneys.  There was no
evidence as to their authority to make such demand, and
the subsequent bringing of the suit is no ratification.
The following cases are directly in point, and we think
require a reversal, because of the refusal to give general
charge for defendant.—*Brahn v. Jersey City Forge Co.*,
38 N. J. L. 76-78; Mechem on Agency, § 179, p. 116;
Story on Agency, § 246.

Where the tenancy is a tenancy at will or by sufferance
two notices are necessary to be given to the defendants
before they can be evicted under an action of unlawful
detainer. The one notice has for its object the termina-
tion of an existing lease or tenancy, which in the ab-
sence of said notice will sanction and justify the tenant's
continued possession.—*McDevitt v. Lambert*, 80 Ala.
540.

The contract of tenancy was not proved as alleged,
the variance was material, and the general affirmative

[Barnewell *et al.* v. Stephens.]

charge should have been given for appellants.—*Moses v. Beverly,* 34 So. Rep. 825; *S. & N. Ala. R. R. v. Wilson,* 78 Ala. 588, 589. There was no evidence as to any forcible entry.

ERVIN & MCALEER, *contra.*—The plea of·adverse possession of three years would not be proven if the jury found the defendants held as tenants, for then their possession was that .of the landlord.—*Nicrosi v. Phillipi,* 91 Ala. 304; *Barefoot v. Wall,* 108 Ala. 329.

The deed to the plaintiff from Mrs. Cleveland was admissible in evidence. All the authorities recognize that a deed is admissible to show the description of the land. —*Turnley v. Hannah,* 82 Ala. 143.

ANDERSON, J.—The complaint in this case contains two counts, one for unlawful detainer and the other for forcible entry. There was judgment for the plaintiff in the court below and the defendant appeals.

In order for the plaintiff to recover under either count, he must have had a previous possession of the premises. There was no evidence to support the count for forcible entry as the defendants were in possession, at the time the plaintiff's pretended possession began, and if they were guilty of anything, it was for holding over after the termination of the possessory interest, as tenants of the plaintiff.

The undisputed evidence was, that the defendants had been in possession of the land for years. But plaintiff claims that they *attorned* to him, and became his tenants at will, and bases his possession upon said *attornement* made to his agent Austill, and which if true, will give the plaintiff a right of action for an unlawful withholding.—*Barefoot v. Wall,* 108 Ala. 327; *Anderson v. Anderson,* 104 Ala. 428; *Nicrosi v. Phillipi,* 91 Ala. 299.

It appears from the evidence of Judge Austill, that Louisa and Henry Barnewell agreed to become the tenants of the plaintiff, and. that they did so in the presence and hearing of all of the members of the family, some of whom are made parties defendant with their mother, Louisa Barnewell.

"An unlawful detainer is, where one has lawfully entered into possession of lands or tenements, and after the termination of his possessory interest, refuses, on demand in writing, to deliver the possession thereof to any one lawfully entitled thereto, his agent or attorney." Code, 1896, § 2127. In other words, before the suit can be maintained, there must have been a termination of the tenants possessory interest. If the defendants became the tenants at will of the plaintiff, he had a right to terminate the relationship, but he must have given some notice to them of his desire or intention to terminate, before he had the right to make the written demand for the delivery of the possession. And in the absence of proof showing a termination of defendant's possessory interest, they were entitled to the general affirmative charge.—*McDevitt v. Lambert,* 80 Ala. 536.

The rule of law is, that by disclaiming and denying the landlord's title or asserting an adverse claim to title in himself, openly and notoriously, brought to the notice of the landlord, the tenant commits a forfeiture. Generally, attornement, or delivery of possession, to a stranger or adverse claimant, or any act disavowing the title of the landlord, and claiming a superior hostile title or ownership, amounting to a repudiation of the tenancy, will establish a ground of forfeiture.—*Dahem v. Barlow,* 93 Ala. 120.

There was no legal evidence of acts on the part of the defendants sufficient to create a ground of forfeiture and thereby terminate their possessory interest. On the other hand, the witness Judge Austill, testified that he visited them and told them, that he had heard rumors of a hostile claim, and that they then and there denied the rumor and recognized the plaintiff's title.

The plaintiff did introduce in evidence, over the objection of the defendants, a certain record setting up a claim to land by these defendants, as set out in the accompanying map made by one, Bart, and which was not competent evidence, as the map described land in an entirely different section from the land sued for in the complaint. But even with the record in, there was no evidence to show a termination of the defendant's pos-

sessory interest to the land in controversy, by forfeiture or otherwise.

The statute requires that a written demand be made after the termination of the possessory interest by any one lawfully entitled thereto, his agent or attorney. The demand in this case was made by Ervin and Sims as attorneys for plaintiff, and there is no question but what the statute gives the agent or attorney the right to make the demand, but the evidence should show that the party who makes the demand was, in fact, the agent or attorney when the written demand was made. Nor does the subsequent bringing of the suit by them as attorneys, create the presumption that they were such when the demand was made, and dispense with the necessity on the part of the plaintiff of proving that they were his attorneys when they made the written demand.— *Jesse French Piano Co. v. Johnston,* (Ala.) 37 South, 924; *Strauss v. Schwab,* 104 Ala. 669; *Butler v. Jones,* 80 Ala. 436; 2 South, 300; *Bolling v. Kirby,* 24 St. Rep. 789 and note; *Moore v. Refrigerator Co.,* 128 Ala. 621; *Kennedy v. Hitchcock,* 4 Porter, 230; 2 Greenleaf on Evidence, 644.

It is always presumed that an attorney appearing and acting for a party to a cause, has authority to do so, and to do all other acts necessary or incidental to the proper conduct of the case, and the burden of proof rests on the party denying such authority, to sustain his denial by a clear preponderance of the evidence.—3 Am. & Eng. Ency. Law, p. 375. The presumption of employment or authority, however, is not indulged in by the court's anterior or incidental to the accrual of the cause of action.

It was said in the case of *Brahn v. Jersey City Forge Co.,* 38 N. J. Law Rep. 76: "The demand of possession was in writing, signed 'The Jersey City Forge Company, by B. Buchanan Yale, Pres't,' and service thereof was acknowledged by Brahn in writing. The sufficiency of the demand is denied, on the ground that it does not appear affirmatively that it was a demand by the landlord or his lawfully authorized agent. The act authorizing this summary proceeding preserves the rule of the common law that the notice to quit must be given by the

landlord personally, or by his duly appointed agent. If by the agent, it must appear that he is clothed with power to give the notice at the time it was given. Ordinarily, a subsequent ratification of an agent's act by the principal will be sufficient, but between landlord and tenant the rule with regard to the notice differs from that which governs between principal and agent as to other transactions. A subsequent assent on the part of the landlord will not establish by relation a notice given in the first instance without his authority. The reason is that the tenant must act upon the notice at the time it is given; and it must, therefore, at that time, be such a notice as he can act upon with security, and if authority by relation were sufficient, the tenant would be subject to the injustice of being left in doubt as to his action until the ratification or disavowal of the principal. * * * * * * * The mere fact, therefore, that the company adopted the act of its agent by instituting these proceedings, based upon the legality of the demand for possession, is not, of itself, sufficient to justify the implication that the agent had the requisite authority at the time he served the notice."

Judge Story, in his work on Agency, § 246, says that if the act done by the agent would, if authorized, create a right to have some act or duty performed by a third person, so as to subject him to damages or losses, for the non-performance of that act or duty, or would defeat a right or estate already vested in the latter, there the subsequent ratification or adoption of the unauthorized act by the principal, will not give validity to it, so as to bind such third person to its consequences; and within this rule he instances the case of a notice to quit given by an unauthorized person for the landlord, subsequently ratified by the latter.

"A well recognized illustration of this rule exists, also, in the case of landlord and tenant. Thus a subsequent assent on the part of the landlord will not establish by relation an unauthorized notice to quit given by his agent. The tenant must act upon the notice at the time it is given, and the notice must, therefore, at the time, be such as he can act upon with security; otherwise the tenant would be subjected to the injustice of being left

in doubt as to his action until the ratification or disavowal of the principal."—Mechem on Agency, § 179.

The refusal of the trial court to exclude the evidence of Mrs. Thompson in its entirety was free from error. Upon the cross examination she admitted that all that she knew about her mother renting the place to Barnewell was hearsay. But she did testify that her mother put Barnewell in possession of the land, as an independent fact and which was relevant evidence. The trial court cannot be put in error for refusing to exclude the whole of a witness' testimony, if any part of it was relevant.

The deed from Mrs. Cleveland to the plaintiff was admissible to show the extent of his possession to the premises in controversy.—*Turnley v. Hanna,* 82 Ala. 143; *Bohannon v. State,* 73 Ala. 47; *Brady v. Huff,* 75 Ala. 80. There is nothing in the point made in brief of defendant's counsel, that the deed was not admissible because it did not contain all the land claimed in the complaint. It was good to show that the possession extended to so much of the land as it purports to convey.

The motion to exclude the statement of the witness, Judge Austill, "that Boltz made statements to witness, that made him wish to visit the family down there," should have been granted. It is a well established rule, that witnesses are not permitted to testify to their motives, wishes, or mental status.—*McRae v. State,* (Ala.) 38 South, —; *McCormick v. Joseph,* 77 Ala. 236.

If it was true that the defendants attorned to the plaintiff within three years previous to the bringing of the suit, the statute of limitation was not available to them.—*Barefoot v. Wall,* 108 Ala. 327; *Nicrosi v. Phillipi,* 91 Ala. 299.

For the errors heretofore pointed out the judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.

McCLELLAN, C. J., TYSON and SIMPSON, J. J., concurring.