This is an appeal from a judgment holding that options, given under a will, to purchase shares of capital stock could be exercised within a reasonable time after the death of the testatrix, and therefore, did not violate the rule against perpetuities. We reverse.
Tevis Smith Burke died January 25, 1982, leaving a last will and testament executed on September 13, 1974. The will was admitted to probate on March 1, 1982. Item 6 of the will provided as follows:
 "I am now the present owner of Two Thousand Four Hundred Ten (2,410) shares of common stock in Cherokee County Bank, and I do hereby give, devise, bequeath and grant unto my cousin, Hugh Reed, Jr., his heirs, executors or assigns, the irrevocable option to purchase one-half (1/2) of all the remainder of my stock in Cherokee County Bank after satisfying the foregoing devises, at and for the sum of Two Hundred Fifty and no/100 ($250.00) Dollars, per share, or, the actual book value, whichever may be less, at the time of my death. It being my intent that should Hugh Reed, Jr., predecease me, this option shall not lapse, but shall be an asset of his estate."
Item 7 of the will is identical except that the named legatee is Thomas Money.
On August 10, 1982, the residuary legatees under the Burke will filed a complaint for declaratory relief. The pertinent part of the complaint asked the court to enter judgment declaring that Items 6 and 7 of the will violated the rule against perpetuities.
Before suit was filed, Hugh Reed, Jr. had already exercised his option, and under the court's order, Thomas Money was given the right to exercise his option within a reasonable time after trial.
The trial court's judgment held that Items 6 and 7 of the Burke will did not violate the rule against perpetuities. Therefore, both Reed and Money could, according to the trial court without violating *Page 99 
the rule exercise their options and buy the stock if they did so within a reasonable time after Burke's death.
The common law rule against perpetuities provides that no interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest. J. Gray, The Rule Against Perpetuities § 201 (4th Ed. 1952). The common law rule applies in Alabama. Section35-4-4, Code 1975.
The principal issue in this appeal is whether the grant of the options to purchase the stock created a vested interest and thereby avoided the rule. We say no.
An option to purchase property is a mere right given by the owner to the optionee, and does not constitute the optionee a purchaser of the property, and does not give him any right to or interest in the property until he accepts the privilege by exercising his right of option within the time specified. Cf.McGuire v. Andre, 259 Ala. 109, 65 So.2d 185 (1953). McGuire
distinguishes between a contract to purchase and an option to purchase. A contract to purchase creates an obligation to buy, whereas an option to purchase is a mere right to purchase within a limited time without any obligation of the optionee to purchase. An option to purchase becomes a contract to purchase only when exercised according to its terms.
Accordingly, it follows that Reed and Money could have no interest in the stock until they exercised their options to purchase. The next question is, how much time did Reed and Money have to exercise their options? The answer is not given by Items 6 and 7 of the will. The option is not limited in duration. If Reed and Money do not exercise their options during their lifetimes, then their heirs, executors, or assigns have the right to exercise the options. So, even if Reed and Money are considered lives in being at the death of Burke, the options are still capable of being exercised more than 21 years after their deaths. The rule requires that an option be exercised, if at all, within the time fixed by the rule. UnitedVirginia Bank/Citizens Marine v. Union Oil Company ofCalifornia, 214 Va. 48, 197 S.E.2d 174 (1973).
We opine that the options are not personal, and therefore are not exercisable within a "reasonable time" by Reed and Money, and that the rule against perpetuities applies. Burke's intention is quite clear — the options are given to Reed and Money, their heirs, executors, and assigns.
We hold that the options granted under the Burke will created interests which were subject to being vested at a future date, and are therefore subject to the rule against perpetuities. For a future interest to be valid, it must vest within the period of the rule. Probability of vesting is not sufficient. FirstAlabama Bank v. Adams, 382 So.2d 1104 (Ala. 1980). The certainty of vesting must have existed at the time of Burke's death. That certainty of vesting does not appear here.
We can look back and see that yes, Reed has exercised his option, and no, Money has not but will within a reasonable time.
To Reed and Money, the rule must seem awfully harsh, but the rule against perpetuities is a rule that invalidates interests which vest too remotely. See Leach, Perpetuities in a Nutshell, 51 Harv.L.Rev. 638 (1937). We have the rule in this jurisdiction, and as long as we have it, we must follow it.
REVERSED AND REMANDED.
TORBERT, C.J., and EMBRY, BEATTY and ADAMS, JJ., concur. *Page 100