INGRAM, Judge.
This case concerns a land dispute between Tommy and Bessie Mae Stagner (Stagners) and Ocie Hardy (Hardy). Hardy commenced an action against the Stagners for trespass and to recover possession of land and for damages for the unlawful detainer of the land. After both parties submitted to the court a memorandum of law, the court rendered a judgment awarding possession of the property to Hardy and a judgment against the Stagners in the sum of $1,200 as damages for the detention of the property. The Stagners now appeal to this court.
The dispositive issue is whether the trial court erred in awarding Hardy the property and in assessing damages.
The facts, in pertinent part, reveal the following: Hardy is the record titleholder of the land in question. In April 1983, Hardy and the Stagners entered into an agreement titled “Real Estate Purchase Option Agreement.” This agreement, in part, contained the following provisions:
“TERM
“2. This option may be exercised by the Purchaser at any time on or before 6:00 p.m. on January 5, 198[7], Deposit of written notice in the United States mail on or before 6:00 p.m. on the aforesaid date shall constitute sufficient notice of the exercise of this option and shall result in a binding contract of purchase and sale between the parties hereto. All notices sent by mail shall be sent by certified mail, return receipt requested. In the alternative, the Purchaser may deliver written notice of the exercise of this option to the Owner at the address hereinafter set forth on or before 6:00 p.m. on the foregoing date. If the Purchaser fails to exercise this option before its expiration, the consideration paid herewith shall be retained by the Owner.
[[Image here]]
“POSSESSION
“6. Undisputed possession of the Premises shall be delivered to the Owner, or his nominee, upon the failure of the purchaser to exercise the option before January 5, 1987.”
The record further reveals that the Stag-ners did not give Hardy any notice of their exercising their purchase option by the time required by the agreement nor did the Stagners surrender possession of the land, also required by the agreement.
It appears to this court that the agreement between the parties is clearly a purchase option agreement. An option is neither a sale nor an agreement to sell, but is a contract whereby the owner gives another the right to purchase within a specified *873 time at a fixed price. Crowley v. Bass, 445 So.2d 902 (Ala.1984). The option becomes a contract when accepted or exercised, and acceptance must be made in the manner prescribed in the option. Moss v. Cogle, 267 Ala. 208, 101 So.2d 314 (1958). Until the option is exercised in accordance with its terms, the optionee does not have any right to or interest in the property. Shaffer v. Reed, 437 So.2d 98 (Ala.1983).
The option contract here clearly stated the time and manner in which it was to be accepted, and the record is clear that these conditions were not met. Having failed to exercise the option, the Stagners had no binding contract and no right to the property. Additionally, as a consequence of the failure to exercise the option, the Stagners lost any right to reimbursement, and Hardy became entitled to immediate possession. (See above provision.)
We find no merit to the Stagners’ argument that they were excused from meeting the requirements of the option agreement because of the impossibility of performance by Hardy. There is nothing in the record to show that Hardy was legally enjoined from selling the land in question prior to the expiration date of the option.
Therefore, as the Stagners never exercised their option to purchase by giving the required notice, there was never any binding real estate sales contract enforceable by either side, and pursuant to the agreement between the parties, Hardy was entitled to immediate possession of the land.
The Stagners also contend that the trial court erred in awarding damages. We disagree. The Stagners have lived on the land since April 1983 and paid Hardy $100 per month. The record indicates, however, that since December 1986 the Stagners have not made any payments. Therefore, there was sufficient evidence for the trial court to conclude that $1,200 was a fair amount of damages for detention of the land.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.