This is a landlord tenant case. The Housing Authority of the Birmingham District ("HABD"), a public housing landlord, filed an unlawful detainer against its tenant, Terri Durr, in the Jefferson County District Court. HABD sought to evict Durr on the ground that Durr had violated a provision in her lease with HABD prohibiting "drug related criminal activity." A trial was held in the district court during February 1997; the district court entered judgment for Durr. HABD appealed to the Jefferson County Circuit Court. After litigation in which both parties' motions for summary judgment were denied, the case was tried before a jury on June 3 and 4, 1997.
The jury reported that it was unable to agree on a verdict, and the trial court declared a mistrial. After dismissing the jury, the trial court instructed the parties to resubmit their motions for summary judgment. On July 7, 1997, the trial court granted Durr's motion for summary judgment and entered a judgment for Durr without stating any finding of fact or conclusion of law.
HABD appeals, arguing (1) that the trial court erred because, it says, genuine issues of material fact existed concerning the merits of its unlawful detainer action, (2) that HABD's deduction of a set amount of money from Durr's utility allowance in lieu of rent did not constitute acceptance of rent after it terminated Durr's lease, (3) that HABD's termination of Durr's lease was legally sufficient, and (4) that HABD was not required to prove wrongdoing by Durr in order to terminate Durr's lease.
The record reveals that Durr and her two children had been residents of Metropolitan Gardens apartments, with HABD as landlord, since June 1, 1996. On August 27, 1996, Durr's brother was arrested in Durr's apartment for possession of drugs. The facts indicate that Durr's brother hid drugs on his bicycle and fled from the police to Durr's apartment. Durr gave the police permission to search her apartment. Although Durr's brother was found in the apartment and was arrested for possession of drugs and trespassing, he had no drugs in his possession and no drugs were found in the apartment. HABD terminated Durr's lease on August 30, 1996, for violation of Section IV, Paragraph M, of her lease, stating as its reason that a "person [had been] arrested on the premises for drug possession."
Pursuant to guidelines from the Department of Housing and Urban Development ("HUD"), Durr received a utility check *Page 471 
from which she was required to pay utility bills. HABD had deducted $40 per month from Durr's utility check as rent since April 1996; it continued to make this deduction after it terminated Durr's lease.
In reviewing the disposition of a motion for summary judgment, we utilize the same standard as the trial court in determining "whether the evidence before [it] made out a genuine issue of material fact" and whether the movant was "entitled to a judgment as a matter of law." Bussey v. John Deere Co.,531 So.2d 860, 862 (Ala. 1988); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrustBank of Baldwin County, 538 So.2d 794 (Ala. 1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
Our review is further subject to the caveat that this court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala. 1990).
In situations, as here, where the trial court gives no rationale for the summary judgment, this court must affirm the summary judgment if it is proper for any reason. Bama Budweiser ofMontgomery, Inc. v. Anheuser-Busch, Inc., 611 So.2d 238 (Ala. 1992); Davison v. Lowery, 526 So.2d 2 (Ala.), cert. denied,488 U.S. 854 (1988); and MacLean v. Moon, 567 So.2d 349
(Ala.Civ.App. 1990).
At the outset, we note that both the applicable provision of the Code of Federal Regulations, 24 C.F.R. § 966.4(l), and the lease provide that eviction shall take place only by court action. Further, both the applicable regulations and the lease refer to the proceedings as under "state and local law." Accordingly, we conclude that HABD could evict Durr only pursuant to the requirements of Alabama law.
HABD's complaint in this case is a statement of unlawful detainer pursuant to Ala. Code 1975, § 6-6-310. Section 6-6-310(2) defines "unlawful detainer" as follows:
 "Unlawful detainer. Where one who has lawfully entered into possession of lands as tenant fails or refuses, after the termination of the possessory interest of the tenant, to deliver possession of the premises to anyone lawfully entitled or his or her agent or attorney."
(Emphasis added.)
Alabama law has long been settled that an essential element of an unlawful detainer action is that the tenant have no possessory interest in the property. "In other words, before the suit [for unlawful detainer] can be maintained, there must have been a termination of the tenant's possessory interest." Barnewell v. Stephens, 142 Ala. 609, 613, 38 So. 662, 666 (1905). See alsoLott v. Douglas Oil Purchasing Co., 501 So.2d 1195 (Ala. 1986);Myles v. Strange, 226 Ala. 49, 145 So. 313 (1932); Bishop v.Truitt, 85 Ala. 376, 5 So. 154 (1888); and McKeen v. Nelms, 9 Ala. 507
(1846).
In this case, HABD notified Durr that it was terminating her lease, i.e., her possessory interest in her apartment, on August 30, 1996. However, it is undisputed that HABD continued to deduct $40 each month from Durr's utility check as rent on the apartment. While there is no Alabama case that explicitly holds that the acceptance of rent is a waiver of a condition of default in a public housing lease (compare, e.g., Greenwich GardensAssociates v. Pitt, 126 Misc.2d 947, 484 N.Y.S.2d 439 (Sup.Ct. 1984)), Alabama law is unequivocal that the acceptance of rent in a *Page 472 
"holdover" tenancy gives rise to at least a month-to-month landlord-tenant relationship. Lott, supra.
The public housing lease in this case specifically provides:
 "It is agreed that this lease will automatically renew for additional periods of one month each until and unless terminated by a default in its terms, including but not limited to, failure of the resident to recertify, failure to pay rent, and any other terms of this lease."
Consequently, each month that HABD accepted rent from Durr was a renewal of her lease for that month. Both Lott, supra, and Maddox v. Hobbie, 228 Ala. 80, 152 So. 222 (1934), indicate that a holdover after a lease terminates can constitute a renewal of the lease under the original lease terms, and that such renewal at least gives rise to a month-to-month tenancy.
Under Alabama law and the terms of the lease in this case, HABD could not continue to accept rent and simultaneously maintain an unlawful detainer action because Durr has a possessory interest in her tenancy for each month that HABD accepts rent. Termination of Durr's possessory interest is a prerequisite to HABD's unlawful detainer action. Ala. Code 1975, § 6-6-310. Accordingly, Durr was entitled to a judgment as a matter of law; the summary judgment is due to be affirmed.
AFFIRMED.
Yates, Monroe, Crawley, and Thompson, JJ., concur.