ROBERTSON, Presiding Judge.
On August 5,1998, the Housing Authority of the Birmingham District (“HABD”) filed an unlawful detainer action against Alonzo Thomas in the Jefferson County District Court. The complaint alleged that Thomas had breached the rental provisions of his lease and that HABD was entitled to the possession of Thomas’s housing unit because HABD had lawfully terminated Thomas’s lease and right to possession by giving him proper written notice of his breach. The complaint also alleged that Thomas owed HABD $709 in rent and various charges associated with his tenancy. Thomas answered, denying HABD’s allegations; he also asserted that he had never been personally served with HABD’s summons and complaint. The case was tried on September 3, 1998, and the district court entered a judgment determining Thomas’s monthly rent to be *892 $106 and finding that HABD was entitled to take possession of Thomas’s rental unit.
Thomas appealed to the Jefferson County Circuit Court on September 17, 1998. In November 1998, HABD filed a motion for a summary judgment; in December 1998, Thomas filed a summary-judgment motion alleging that HABD had waived the termination of his lease by continuing to accept rent. On December 18, 1998, after a hearing on the summary judgment motions, the trial court, without stating a rationale, denied Thomas’s summary-judgment motion and entered a summary judgment for HABD. After Thomas’s post-judgment motion had been denied, Thomas was granted the right to proceed informa pauperis with a supersedeas bond of $50, and he appealed to this court.
On appeal, Thomas argues that the trial court erred in granting HABD a summary judgment because, he says, there were genuine issues of material fact concerning HABD’s right to terminate his lease. Specifically, Thomas argues that HABD’s continued withholding of his “utility allowance” constituted acceptance of rent that invalidated HABD’s authority to terminate the lease.
Our standard of review of summary judgments is settled:
“A motion for summary judgment tests the sufficiency of the evidence. Such a motion is to be granted when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party bears the burden of negating the existence of a genuine issue of material fact. Furthermore, when a motion for summary judgment is made and supported as provided in Rule 56, [Ala. R.Civ.P.], the nonmovant may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Proof by substantial evidence is required.”
Sizemore v. Owner-Operator Indep. Drivers Ass’n, Inc., 671 So.2d 674, 675 (Ala.Civ.App.1995) (citations omitted). Moreover, in determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. Long v. Jefferson County, 623 So.2d 1130, 1132 (Ala.1993). No presumption of correctness attaches to a summary judgment, and our review is de novo. Hipps v. Lauderdale County Bd. of Educ., 631 So.2d 1023, 1025 (Ala.Civ.App.1993) (citing Gossett v. Twin County Cable T.V., Inc., 594 So.2d 635 (Ala.1992)).
The record, viewed in a light most favorable to Thomas, shows that Thomas rented public housing unit 19 of the Metropolitan Gardens apartment complex from HABD on November 26, 1997. Pursuant to regulations promulgated by the United States Department of Housing and Urban Development (“HUD”), Thomas’s monthly rent was calculated to be $239 based on his annual income of $9,544. Under the HUD regulations, Thomas was also entitled to a monthly utility allowance of $49; HABD deducted this amount from his rent so that his actual monthly rental payment was $190.
Thomas lost his job during December 1997 and he reported his loss of employment to HABD on January 9, 1998. HABD presented evidence that Thomas indicated that he was to receive unemployment benefits that supported the rental calculation; Thomas testified that he gave the HABD building manager a schedule of benefit payments that he would receive if he qualified for unemployment benefits. Thomas also testified that when he gave the unemployment benefits schedule to the *893 HABD building manager, he informed the manager that he was presently receiving no unemployment benefits and that he had no income. Although the evidence was in conflict as to Thomas’s projected income, HABD recalculated Thomas’s monthly rent to be $155 based on a projected annual income of $6,188, reflecting the assumption that Thomas would receive unemployment compensation benefits. Under the recalculation by HABD, Thomas was required to pay monthly rent of $106 ($155 less his $49 utility allowance). However, Thomas’s former employer contested his application for unemployment compensation benefits, and Thomas received no benefits until late March 1998.
Thomas testified that he had had no income and that he had paid no rent during January and February 1998. HABD filed an unlawful-detainer action against him on February 11, 1998. That action was later dismissed, and Thomas and HABD negotiated a repayment agreement on March 24, 1998. The repayment agreement shows that HABD continued to calculate the required repayment of rent based on the assumption that Thomas had received, and was receiving, unemployment compensation benefits. Also included in the amount to be repaid were late fees and court costs allegedly incurred because of Thomas’s breach of the rental agreement. Thomas paid HABD $300 on March 24, 1998, and $160 during April 1998. On May 18, 1998, HABD gave Thomas notice that it was terminating his lease on June 1, 1998, because of nonpayment of rent. Although Thomas tendered his rent for June 1998, HABD refused the payment. The record is undisputed that HABD continued to apply the $49 utility allowance as partial payment of Thomas’s rent after its recalculation of that rent in January 1998.
At the outset, we note that there appears to be substantial evidence of a question of material fact concerning the amount of rent Thomas owed after January 9, 1998, based on his receipt of unemployment compensation benefits. However, we pretermit addressing this issue in light of the application of this court’s opinion in Housing Authority of the Birmingham, Dist. v. Durr, 735 So.2d 469 (Ala.Civ.App.1998). In Durr, this court held that HABD could not sustain an unlawful-de-tainer action while continuing to accept partial rent payments in the form of an utility allowance. This court held:
“Alabama law has long been settled that an essential element of an unlawful detainer action is that the tenant have no possessory interest in the property. ‘In other words, before the suit [for unlawful detainer] can be maintained, there must have been a termination of the tenant’s possessory interest.’ Barnewell v. Stephens, 142 Ala. 609, 613, 38 So. 662, 663 (1905). See also Lott v. Douglas Oil Purchasing Co., 501 So.2d 1195 (Ala.1986); Myles v. Strange, 226 Ala. 49, 145 So. 313 (1932); Bishop v. Truitt, 85 Ala. 376, 5 So. 154 (1888); and McKeen v. Nelms, 9 Ala. 507 (1846).
“In this case, HABD notified Durr that it was terminating her lease, i.e., her possessory interest in her apartment, on August 30, 1996. However, it is undisputed that HABD continued to deduct $40 each month from Durr’s utility check as rent on the apartment. While there is no Alabama case that explicitly holds that the acceptance of rent is a waiver of a condition of default in a public housing lease (compare, e.g., Greenwich Gardens Associates v. Pitt, 126 Misc.2d 947, 484 N.Y.S.2d 439 (Sup.Ct.1984)), Alabama law is unequivocal that the acceptance of rent in a ‘holdover’ tenancy gives rise to at least a *894 raonth-to-month landlord-tenant relationship. Lott, supra.”
735 So.2d at 471-72.
Although HABD argues strenuously that Durr was wrongfully decided, and that a utility allowance is not partial payment of rent, we note that the record in this case assigns a fixed dollar amount, $49, to Thomas’s utility allowance. We note further that the pertinent federal regulations, 24 C.F.R. § 5.603(d)(3) and 24 C.F.R. § 990.104(a), make clear that utility allowances are ascertainable dollar amounts calculated on the basis of household consumption of utility services in a particular geographical area, and that the calculation of utility allowances is a factor in determining a housing board’s operating subsidy from the federal government. Consequently, we do not accept the argument that the retention of utility allowances is not a retention of rent, and we conclude that the rationale of Durr is applicable to this case.
Under Durr, HABD’s continued monthly deduction of Thomas’s $49 utility allowance establishes in Thomas at least a pos-sessory interest in a month-to-month holdover tenancy. Absent the termination of Thomas’s possessory interest, HABD may not proceed with its action for unlawful detainer. Accordingly, the summary judgment for HABD is reversed, and the cause is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.