COOK, Justice.
The Court of Civil Appeals reversed a summary judgment for the Housing Authority of the Birmingham District (“HABD”). Thomas v. Housing Auth. of Birmingham Dist., 788 So.2d 891 (Ala.Civ.App.1999). We granted HABD’s petition for certiorari review.
On August 5, 1998, HABD filed an unlawful-detainer action against Alonzo Thomas, Jr. After a full trial in the district court, the court found in favor of HABD and ordered that possession of the unit be turned over to HABD. On September 17, 1998, Thomas appealed to the circuit court. On November 10, 1998, HABD filed a motion for summary judgment. On December 10, 1998, Thomas also filed a motion for summary judgment. After hearing arguments in support of both motions, the circuit court entered a summary judgment in favor of HABD. Thomas filed a motion to alter, amend, or vacate the judgment, which the court denied; he then appealed to the Court of Civil Appeals.
On October 22, 1999, the Court of Civil Appeals reversed the summary judgment and remanded for further proceedings. We reverse the judgment of the Court of Civil Appeals and reinstate the judgment of the circuit court.
On November 26, 1997, Alonzo Thomas rented from HABD a unit at the Metropolitan Gardens apartment complex. Pursuant to regulations of the United States Department of Housing and Urban Development (“HUD”), HABD calculated Thomas’s monthly rent to be $239. HABD then deducted the applicable utility allowance, $49, from Thomas’s monthly payment, resulting in a rent payment of $190. In January 1998, Thomas reported that he had lost his job the previous month. Although the parties dispute whether Thomas informed HABD that he was receiving *896 unemployment-compensation benefits or informed HABD that he had merely applied for unemployment-compensation benefits, HABD recalculated Thomas’s rent, based on projected unemployment-compensation income of $6,188 per year. Effective February 1, 1998, Thomas’s new rent obligation was $106 ($155 minus the $49 utility allowance). However, because Thomas’s former employer contested his application for unemployment-compensation benefits, he did not receive benefits until late March 1998, at which time he received a bulk payment for January and February. Thomas had failed to pay rent for the months of January and February 1998.
On February 11, 1998, HABD filed an unlawful-detainer action against Thomas. Thomas and HABD negotiated a repayment plan and HÁBD dropped the unlawful-detainer action. Based on HABD’s assumption that Thomas had received, was receiving, and would continue to receive unemployment-compensation benefits, Thomas’s rental obligation remained $106. Thomas again fell behind in his payments. He paid rent for April, but failed to pay any rent for May.
On May 18, 1998, HABD notified Thomas that his lease would terminate after 14 days, i.e., on June 1, 1998, if he failed to pay his rent due for May within those 14 days. Thomas claims that on the 14th day he attempted to pay the amount due, but that HABD refused to accept his payment. On June 2, 1998, HABD served Thomas with a demand for possession of the apartment. However, HABD continued to deduct the $49 utility allowance from Thomas’s rental arrearage.
The Court of Civil Appeals concluded that while there appeared to be a question of material fact regarding the proper amount of rent Thomas owed after January 1998, it was unnecessary to address that issue because Housing Authority of the Birmingham District v. Durr, 735 So.2d 469 (Ala.Civ.App.1998), applied. Applying Durr, the Court of Civil Appeals held: “HABD’s continued monthly deduction of Thomas’s $49 utility allowance establishes in Thomas at least a possessory interest in a month-to-month holdover tenancy. Absent the termination of Thomas’s possessory interest, HABD may not proceed with its action for unlawful detainer. Accordingly, the summary judgment for HABD is reversed.... ” According to the Court of Civil Appeals, the continued subtraction of the $49 utility allowance from the amount Thomas owed as monthly rent constituted acceptance of a partial rent payment on Thomas’s behalf; therefore, that court held, Thomas retained “a pos-sessory interest in a month-to-month holdover tenancy” and, thus, HABD had not terminated Thomas’s possessory interest and therefore could not maintain an unlawful-detainer action.
In Durr, HABD terminated Durr’s lease because Durr’s brother had been arrested on the premises. 785 So.2d at 470. Durr received, pursuant to HUD guidelines, a utility-reimbursement check, from which she was required to pay her utilities. Id. HABD had been deducting $40, as rent, from Durr’s utility-reimbursement check and continued to do so after notifying Durr that her lease had been terminated. Id. at 471. The Court of Civil Appeals stated that “an essential element of an unlawful detainer action is that the tenant have no possessory interest in the property.” Id. Therefore, “HABD could not continue to accept rent and simultaneously maintain an unlawful detainer action because Durr has a possessory interest in her tenancy for each month that HABD accepts rent.” Id. at 472.
Thomas strenuously argues that Durr should govern the present case because, he *897 argues, the two cases are factually indistinguishable. Thomas’s argument cannot prevail. HABD is obligated to provide reasonable utilities to all tenants. In this case, HABD, rather than directly providing utilities to Thomas and treating part of his rent as payment for utilities, gave Thomas a rent reduction in the amount of $49 and left him to secure and pay for his utilities. The reduction was based on a calculation of the cost of providing reasonable utility services to a unit the size Thomas was renting. Thomas was to pay for his utilities with the money he saved each month by the reduction in his rent. Thomas did not receive a utility-reimbursement check. HABD never gave Thomas a check or cash in the amount of $49. Thomas argues that, because HABD continued to deduct $49 from his rental obligation, he had a possessory interest in the unit, contending that the $49 constituted partial acceptance of rent. We disagree. The terms of Thomas’s lease did not mandate that Thomas pay HABD the $49 allotted for the cost of utilities. Furthermore, HABD did not continue to deduct the $49 from Thomas’s rental obligation. As of June 2, 1998, the day after HABD had terminated Thomas’s lease, Thomas had no rental obligation. Thus, there was no rent from which HABD could deduct the $49 utility allowance. Thomas cannot retain a possessory interest in the housing unit based on a rental discount that he is no longer entitled to receive. Therefore, the Court of Civil Appeals erred in holding that Thomas had retained a possessory interest in the unit.
Thomas also argues that the summary judgment was improper because, he says, there were genuine issues of material fact regarding the calculation of Thomas’s rental obligation for the months of January and February 1998. Thomas’s argument that his rent for those months was miscalculated is without merit. In December 1998, Thomas reported to HABD that he had lost his job, but that he had applied for unemployment-compensation benefits. Thomas provided HABD with a printout of his projected unemployment-compensation benefits. Relying on that printout, HABD recalculated Thomas’s rental obligation. Thomas argues that because he did not actually receive his unemployment-compensation benefits until March, his rent for January and February should have been calculated based on an income of $0.00 for those months. To accept this argument would result in a windfall for Thomas. Thomas was eventually paid unemployment-compensation benefits for the months of January and February; therefore, a finding that he had no income for those months would not be supported by the evidence. Such a finding would allow Thomas rent-free occupancy for those two months.
Thomas also asserts that there is a genuine issue of material fact regarding his attempt to pay the rent for May within the 14 days allowed him by the notice of termination. HABD notified Thomas on May 18, 1998, that if he failed to pay $116 ($106 for May rent plus a $10 late fee) within 14 days, then his lease would terminate. Thomas claims that he attempted to pay the May rent on June 1, the 14th day after he received notification from HABD. Thomas offers his deposition testimony as evidence that he offered to pay the May rent on June 1. However, Thomas did not testify in his deposition that he attempted to pay the entire amount of $116. He merely stated that he attempted to pay the May rent, which was only $106. Therefore, Thomas did not provide substantial evidence disputing HABD’s assertion that Thomas attempted to make a partial payment, rather than full payment of the $116.
*898 We reverse the judgment of the Court of Civil Appeals and render a judgment reinstating the trial court’s summary judgment in favor of HABD.
JUDGMENT OF THE COURT OF CIVIL APPEALS REVERSED; JUDGMENT RENDERED REINSTATING THE JUDGMENT OF THE CIRCUIT COURT.
HOOPER, C.J., and MADDOX, HOUSTON, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.