MURDOCK, Judge,
concurring in the result.
I write separately from the main opinion in this case to note that I am not in agreement with several of the statements in that opinion. With respect to the effect of the agreement between the brother and Cornelius and the state of affairs at the time they entered into that agreement, I would note that a contract to convey title and an actual conveyance of title are two different things. See Crowley v. Bass, 445 So.2d 902, 904 (Ala.1984) (citing Shaffer v. Reed, 437 So.2d 98, 99 (Ala.1983)) (a contract giving a party an option to purchase property does not transfer title to that property).
Nonetheless, I find support for the result reached by the main opinion in the case of Wadsworth v. Hannah, 431 So.2d 1186 (Ala.1983).[1] See also McGuire v. Andre, 259 Ala. 109, 65 So.2d 185 (1953). I therefore concur in the result reached by that opinion.

. I note that, notwithstanding the language of the contract at issue here, the Millers take the position that Cornelius’s claim was not a contingent claim.