PER CURIAM.
River of Life Christian Center (“the Christian Center”) appeals from a summary judgment entered in favor of River of Life International, Inc. (“River of Life International”), and other defendants by the Shelby Circuit Court. We affirm.
The Christian Center was a nonprofit corporation incorporated in October 1989. In December 1998, the Christian Center’s *731 board of directors voted to dissolve the corporation, and pursuant to the process outlined in §§ 10-3A-140 through 10-8A-145, Ala.Code 1975, the board filed a “Statement of Intent to Dissolve” the corporation, a two-page document denominated “Transferring Property and Assets in Accordance with Dissolution of a NonProfit Corporation,” and “Articles of Dissolution” (“the Articles”) with the Shelby Probate Court on December 21, 1998. The probate judge marked the documents as “filed” and “certified” on the same date. It is undisputed that the probate judge did not issue a certificate of dissolution following the filing of the documents in its office. It is also undisputed that the Christian Center transferred all of its assets, including the real estate and other property at issue in this action, to River of Life International and the other defendants.
The probate court sent a copy of the Articles to the office of the Secretary of State; the Secretary of State recorded that it received the Articles on December 28, 1998, noting that the Articles stated the date of dissolution of the corporation as December 21, 1998. On October 10, 2000, a “Statement of Revocation of Voluntary Dissolution Proceedings” (“the Statement of Revocation”), signed by the Christian Center’s chairman and another director, was filed in the Shelby Probate Court. The Statement of Revocation purported to discontinue the dissolution process of the Christian Center as a corporation. The probate court filed the Statement of Revocation in its office and marked the document as “certified.” The probate court also sent a copy of the Statement of Revocation to the office of the Secretary of State, which recorded that it received the document on October 27, 2000, and noted that the Statement of Revocation indicated that the date of revocation of dissolution was October 10, 2000.
On October 19, 2000, the Christian Center filed a complaint in the Shelby Circuit Court seeking to obtain possession of real and personal property then in the possession of River of Life International and other defendants by asserting claims of unlawful detainer, ejectment, conversion, and trespass claims. All of the defendants filed motions to dismiss as well as answers to the complaint. Defendant Kim Wette-land also filed a counterclaim against the Christian Center and a cross-claim against persons not parties to the lawsuit. The Christian Center filed a motion to strike the counterclaim and cross-claim.
On December 7, 2001, the trial court entered a summary judgment in favor of all of the defendants, dismissing all claims against them.[1] The Christian Center appealed on April 5, 2002. On November 12, 2002, this court dismissed the appeal as not being from a final judgment because Wetteland’s counterclaim and cross-claim had not yet been adjudicated by the trial court. On May 27, 2003, the trial court issued a judgment in which it granted the Christian Center’s motion to strike Wette-land’s counterclaim and cross-claim, reaffirmed its entry of a summary judgment in favor of River of Life International and the other defendants on all other claims, and declared the decision to be a final judgment. The Christian Center appeals.
*732 On appeal, the Christian Center contends that the Statement of Revocation that it filed in the Shelby Probate Court prevented its dissolution. The Christian Center relies upon § 10-3A-145(c), Ala. Code 1975, which provides that the existence of a nonprofit corporation ceases upon the issuance of a'“certificate of dissolution” by a probate judge, and it' argues that the probate judge’s failure to issue such a certificate gave it the right to “revoke” its dissolution pursuant to § 10-3A-143, Ala.Code 1975, which refers to the right of a corporation to “revoke the action theretofore taken to dissolve the corporation” at “any time prior to the issuance of a certificate of dissolution by the probate judge.” Ala.Code 1975, § 10-3A-143(a). While the Christian Center argues that the probate court failed to issue a “certificate of dissolution” in conformity to § 10-3A-145 and that the summary judgment should therefore be reversed, River of Life International contends that the December 21, 1998, filings terminated the Christian Center’s existence, and it describes language in § 10-3A-145 regarding the issuance óf a certificate of dissolution as “directory” and not “mandatory.”
We need not reach the question whether the Christian Center is or is not an entity with standing to sue.[2] “[Ajn essential element of an unlawful detainer action is that the tenant have no possesso-ry interest in the property.” ' Housing Auth. of the Birmingham Dist. v. Durr, 735 So.2d 469, 471 (Ala.Civ.App.1998). Similarly, “ ‘[t]o constitute conversion, there must be a wrongful taking or a wrongful 'detention or interference, or an illegal assumption of ownership, or an illegal use or misuse’ ” of personalty; “ ‘[t]he gist of the action is the wrongful exercise of dominion over property in exclusion or defiance of a plaintiffs rights, where the plaintiff has a general or special title to the property or the immediate right to possession.’ ” Watters v. Lawrence County, 551 So.2d 1011, 1014 (Ala.1989) (quoting Ott v. Fox, 362 So.2d 836, 839 (Ala.1978)). Thus, a common element of the Christian Center’s claims is that it must demonstrate that it is entitled to possession of the real property and personal property at issue.
In this case, the Christian Center cannot demonstrate that River of Life International’s or the other defendants’ possession or retention of the real property and personal property at issue is wrongful. In December 1998, the Christian Center acknowledged in sworn statements filed with the Shelby Probate Court (1) that, as we have previously noted, its board of directors had voted to transfer all of the Christian Center’s properties and assets to River of Life International and the other defendants, and (2) that the Christian Center had “transferred, conveyed or distributed” all remaining property and assets of the Christian Center after paying or providing for all known debts and obligations of the Christian Center. Thus, after December 21, 1998, the Christian Center owned no property that could be the subject of its claims in this case.
The Christian Center argues that in ’ October 2000 it properly exercised a “right of revocation” of its voluntary dissolution, asserting that by revoking its dissolution it automatically became entitled to the personalty and realty it had transferred. However, during the process of dissolution, a corporation has the express power to distribute assets “to such persons, societies, organizations or domestic *733 or foreign corporations, whether for profit or nonprofit, as may be specified in a plan of distribution.” Ala.Code 1975, § 10-3A-141(5). In contrast, there is no provision in the Alabama Nonprofit Corporation Act that mandates the revesting of title to assets that have already been conveyed by a corporation upon revocation of efforts to dissolve; rather, the Act provides that upon the filing of a statement of revocation of voluntary-dissolution proceedings, “the corporation may thereupon again conduct its affairs.” § 10-3A-143(d). The fact that such a corporation lawfully may resume its “predissolution” activities does not, however, mean that the title and right to possession of assets that it voluntarily transferred to third parties in connection with the dissolution process are somehow, by operation of law, reinvested in the corporation. To the contrary, it is well-settled that corporations, after being revived, “may only take title to those assets which were legally not disposed of during the period of corporate demise,” 19 C.J.S. Corporations § 860 (1990) (footnote omitted), and that reinstatement “will not ... restore title to assets which have been distributed to others.” 16A William M. Fletcher, Fletcher Cyclopedia of the Law of Private Corporations § 8112.30 (1995) (footnote omitted); see also 19 Am.Jur.2d Corporations § 2913 (1986) (corporation that is revived regains title to property it has not transferred before its revival).
The trial court not only concluded that the Christian Center had been dissolved, it also concluded that the Christian Center had “properly transferred” its assets to River of Life International and the other defendants. Because there is no genuine issue of fact concerning River of Life International’s and the other defendants’ ownership of the realty and personalty at issue, the trial court did not err in entering the summary judgment in favor of River of Life International and the other defendants.
AFFIRMED.
All the judges concur.

. The trial court construed the defendants' motions to dismiss as motions seeking a summary judgment because it considered materials in addition to the pleadings in reaching its decision. See, e.g., Phillips v. AmSouth Bank, 833 So.2d 29, 31 (Ala.2002) (" '[Wjhere matters outside the pleadings are considered on a motion to dismiss, the motion is converted into a motion for summary judgment ... regardless of its denomination and treatment by the trial court.’ " (Quoting Boles v. Blackstock, 484 So.2d 1077, 1079 (Ala.1986))).

. "[T]his Court ‘will affirm the judgment appealed from if supported on any valid legal ground.’ ” Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988) (quoting Tucker v. Nichols, 431 So.2d 1263, 1265 (Ala.1983)).