Richard Owens and Sara Owens entered into a residential lease with Prudential Cooper Company, Inc. When the Owenses defaulted on the lease in July 2003, Prudential filed an unlawful-detainer action in the Mobile District Court. After the district court entered a judgment awarding possession of the premises to Prudential, the Owenses appealed to the Mobile Circuit Court. While the case was pending in the circuit court, the parties executed a settlement agreement whereby the Owenses agreed to cure their default, to continue to make rental payments, and to exercise an option to purchase the property by December 31, 2004. The case was placed on the circuit court's administrative docket pending the exercise of the option to purchase by the Owenses. By joint stipulation, the date by which the Owenses were required to exercise the option to purchase was extended to May 31, 2005. The agreement provided that, upon the failure of the Owenses to exercise the option to purchase, Prudential would have the right to seek a consent judgment awarding immediate possession of the property to Prudential.
The Owenses failed to exercise the option by May 31, 2005, and Prudential filed a motion for a consent judgment on June 9, 2005. On June 23, 2005, the circuit court entered a judgment awarding possession of the premises to Prudential. After *Page 1036 
the Owenses' postjudgment motion was heard and denied, the Owenses appealed to the Alabama Supreme Court, which transferred the case to this court, pursuant to Ala. Code 1975, §12-2-7(6).
The Owenses paid and Prudential accepted rent for the months of June and July 2005. The Owenses argue that Prudential is estopped from maintaining its unlawful-detainer action by its acceptance of the June and July rent payments. According to the Owenses, they continued to be entitled to possession because their tenancy was converted to a month-to-month tenancy when Prudential accepted the June and July rent payments. Thus, they argue, Prudential could not maintain its unlawful-detainer action. Housing Auth. of the Birmingham Dist. v. Durr,735 So.2d 469, 471-72 (Ala.Civ.App. 1998) (quoting Barnewellv. Stephens, 142 Ala. 609, 613, 38 So. 662, 663 (1905)). Prudential, however, disagrees.
The Owenses are correct in arguing that, generally, acceptance of rent payments from a holdover tenant creates at least a month-to-month landlord-tenant relationship. Durr,735 So.2d at 471-72 (citing Lott v. Douglas Oil PurchasingCo., 501 So.2d 1195 (Ala. 1986)). However, the terms in a lease can reserve for the landlord the right to terminate the lease even if it accepts rent payments after a default. USAPetroleum Corp. v. Jopat Bldg. Corp., 343 So.2d 501, 504-05
(Ala. 1977). The opinion in Durr did not indicate that the lease at issue had a reservation-of-rights clause, and, in fact, the Housing Authority of the Birmingham District ("HABD") argued that its deduction of a set amount of money from Durr's utility allowance did not constitute the acceptance of rent and that therefore it had not waived its right to terminate the lease. Durr, 735 So.2d at 470. Unlike the lease inDurr, the terms of the Owenses' lease did expressly reserve Prudential's right to terminate the lease for default even in the event Prudential accepted rent after the Owenses defaulted; the lease stated: "nor shall . . . the receipt of rent after conditions broken be deemed a waiver of forfeiture." Thus, the Owenses argument that Prudential's acceptance of rent somehow waived Prudential's right to terminate the lease is unavailing.
However, the relationship of the parties at the time of the Owenses' failure to exercise the option to purchase was not governed solely by the lease between the parties. The parties' relationship was also governed by the settlement agreement the parties executed during the pendency of the appeal of the unlawful-detainer action in the circuit court. That agreement explicitly stated that, upon the Owenses' failure to exercise the option to purchase, Prudential would have the right to seek a consent judgment awarding Prudential possession of the property. This court has held that "[u]ntil the option is exercised in accordance with its terms, the optionee does not have any right to or interest in the property." Stagner v.Hardy, 528 So.2d 871, 873 (Ala.Civ.App. 1988). Thus, the Owenses did not have a right to possession of the property under the option to purchase because of their failure to exercise the option.
Accordingly, the circuit court's judgment awarding possession of the property to Prudential is affirmed.
AFFIRMED.
THOMPSON, PITTMAN, and BRYAN, JJ., concur.
 MURDOCK, J., concurs in the result, without writing. *Page 1037